**LITTLER MENDELSON, P.C.**
Keith J. Rosenblatt (016631997)
krosenblatt@littler.com
Marlie Blaise (378212021)
mblaise@littler.com
One Newark Center, 8th Floor
Newark, New Jersey  07102
973.848.4700
Attorneys for Defendant
*Amazon.com Services LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD BUTTO,<br><br>              Plaintiff,<br><br>vs.<br><br>AMAZON.COM SERVICES, LLC;<br>JONATHAN (last name unknown); JESSICA<br>(last name unknown); ABC CORPORATIONS<br>1-5 (fictitious names describing presently<br>unidentified business entities); and JOHN<br>DOES 1-5 (fictitious names describing<br>presently unidentified individuals),<br><br>              Defendants. | Civil Action No.  2:23-cv-25<br><br>**NOTICE OF REMOVAL**<br><br><u>**Electronically Filed**</u> |

**TO:   THE CLERK AND THE HONORABLE JUDGES
OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

Defendant Amazon.com Services LLC ("Defendant")[1], hereby files this Notice of Removal

of the above-captioned action to the United States District Court for the District of New Jersey,

from the New Jersey Superior Court, Hudson County, where the action is now pending, as provided

by Title 28, United States Code, Chapter 89 and states:

---

[1] Defendant Amazon.com Services LLC is sued herein incorrectly as Amazon.com Services, LLC.

1. Plaintiff Ronald Butto ("Plaintiff"), purporting a residency in Bayonne, New Jersey, commenced this action against Defendant on November 29, 2022 by filing a Complaint in the Superior Court of New Jersey, Law Division, Hudson County, captioned *RONALD BUTTO v. AMAZON.COM SERVICES, LLC; JONATHAN (last name unknown); JESSICA (last name unknown); ABC CORPORATIONS 1-5 (fictitious names describing presently unidentified business entities); and JOHN DOES 1-5 (fictitious names describing presently unidentified individuals)*, and bearing Docket No. HUD-L-003942-22 ("the State Court Action"). The State Court Action is now pending in that court.

2. Defendant was served with the Summons and Complaint on December 7, 2022. This Notice of Removal is filed within 30 days of that date, as required by 28 U.S.C. § 1446(b).

3. Collectively attached hereto as **Exhibit A** is a copy of all process, pleadings, and orders served upon Defendant in the State Court Action, pursuant to 28 U.S.C. § 1446(a).

4. The State Court Action is between citizens of different states and is a civil action over which the district courts of the United States have original jurisdiction by virtue of diversity jurisdiction granted by 28 U.S.C. § 1332.

5. Specifically, Plaintiff is an individual and resident and, upon information and belief, a citizen of New Jersey, as he states he resides in in Bayonne, New Jersey. (*See* Ex. A, Complaint, ¶ 1). *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) (citizenship is determined by domicile); *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile.").

6. A limited liability company's citizenship for purposes of diversity jurisdiction is the citizenship of its members. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). Amazon.com Services LLC is a limited liability company formed under the laws

of the State of Delaware. Its sole member is Amazon.com Sales, Inc., which is a Delaware corporation with its principal place of business in Seattle, Washington. Therefore, Amazon.com Services LLC is a citizen of Delaware and Washington. *Id.; Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

7.      Fictitious defendants are disregarded in determining diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."). *See Mucci v. Decision One Mortg.*, No. CIV.A. 12-1840 JLL, 2012 WL 3757035, at *3 (D.N.J. Aug. 9, 2012), *report and recommendation adopted*, No. CIV.A. 12-1840 JLL, 2012 WL 3757290 (D.N.J. Aug. 28, 2012) ("The citizenship of parties with fictitious names such as 'John Doe' or ABC Corporation are disregarded for purposes of determining diversity.").

8.      The exclusion under 28 U.S.C. § 1441(b)(1) applies equally to fictitious defendants that are partially identified. *See Rambhajan v. Fam. Dollar Stores of New Jersey, Inc*., No. CV 19-19466 (SRC), 2019 WL 6975053, at *2 (D.N.J. Dec. 19, 2019) (disregarding individual defendant Anthony "Smith" for the purposes of diversity in a slip-and-fall action, where the plaintiff did not allege facts relating to his citizenship); *Joshi v. K-Mart Corp*., No. CIV.A. 06-5448(JLL), 2007 WL 2814599, at *2 (D.N.J. Sept. 25, 2007) (disregarding partially named defendant where plaintiff asserted he was a New Jersey citizen but provided no evidence of citizenship). The Third Circuit approved the exclusion of partially named defendants in *Brooks v. Purcell*, 57 F. App'x 47, 50 (3d Cir. 2002), finding that the district court had diversity jurisdiction to rule on defendant's motion to dismiss where plaintiff included four partially named

3

defendants in the complaint.  The court found that, unless plaintiff could show that the names were "entirely real," they must be disregarded for the purposes of diversity. *Id*. at 50-51.

9.     Accordingly, Jonathan (last name unknown), Jessica (last name unknown), ABC Corporations 1-5, and John Does 1-5 all must be disregarded for purposes of determining this Court's diversity jurisdiction.

10.     Complete diversity exists because Plaintiff is a citizen of New Jersey and Defendant is a citizen of Delaware and Washington.

11.     The amount in controversy in the State Court Action exceeds the sum or value of $75,000, *see* 28 U.S.C. § 1332(a), computed on the following basis:

a.     In the Complaint, Plaintiff asserts claims for disability discrimination, retaliation, failure to accommodate and engage in the interactive process, and wrongful termination in violation of the New Jersey Law Against Discrimination ("NJLAD").  (*See* Ex. A, Complaint, ¶¶ 45-70).  The damages Plaintiff seeks include (but are not limited to): back pay and benefits, front pay and benefits, compensatory damages, consequential damages, punitive damages, attorneys' fees, and a range of equitable relief. (*See* Ex. A, Complaint, Wherefore Paragraphs).

b.     Plaintiff's Complaint does not specify the amount he seeks to recover from Defendant.  Under 28 U.S.C. § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). According to a reasonable reading of the Complaint and the damages claimed therein, the amount in controversy is in excess of $75,000.  *See Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (where plaintiff does not

set a limit for damages, the Court should make a reasonable reading of the value of the claim plaintiff has asserted and come to an "independent appraisal" of the amount plaintiff has claimed).

        c.      First, Plaintiff claims economic damages in the form of back and front pay. Plaintiff usually worked between 30-40 hours per week during his employment, and his regular rate of pay was $18.30 per hour when his employment ended. Thus, conservatively, Plaintiff earned approximately $549 per week ($18.30 x 30), not including benefits. Accordingly, Plaintiff's lost wages in the approximate year since his employment ended in December 2021, (Ex. A, Complaint, ¶¶ 38-41), are around $28,548 ($549 per week x 52). Assuming Plaintiff seeks lost wages through a trial date that is likely to be set at least two years in the future,[2] a reasonable estimate of Plaintiff's total alleged lost wages, should he prevail, exceeds the sum or value $75,000.00 alone.

        d.      Further, Plaintiff claims damages for emotional pain and suffering. Damages for alleged emotional harm are recoverable under the NJLAD and add significantly to the amount in controversy. *Angus*, 989 F.2d at 145-46 (recognizing that claims for damages for emotional distress should be included in determining whether the jurisdictional amount is met). *See, e.g., Quinlan v. Curtiss-Wright Corp.*, 425 N.J. Super. 335, 344-345, 374 (App. Div. 2012) (in sex discrimination case for failure to promote and retaliation, court upheld emotional distress damages award of $405,000); *Klawitter v. City of Trenton*, 395 N.J. Super. 302, 307, 323-25, 336 (App. Div. 2007) (in reverse race discrimination case, court upheld emotional distress damages award of $79,000).

---

[2] Federal Judicial Caseload Statistics from March 2022 reflect that the median time interval from filing to disposition through trial for civil cases in the District of New Jersey is almost three years. Available at: https://www.uscourts.gov/federal-judicial-caseload-statistics-2022-tables

e.    In addition, Plaintiff seeks punitive damages, which further satisfy the amount in controversy.  "The Court must also consider the plaintiffs' demand for punitive damages when calculating the amount in controversy, and can aggregate these damages with the requested compensatory damages." *See Goralski v. Shared Techs., Inc.*, 2009 U.S. Dist. LEXIS 69042, \*15-16 (D.N.J. Aug. 7, 2009) (citation omitted).  *See also Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) ("When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied.").

f.    Finally, Plaintiff seeks attorneys' fees, which are recoverable to the prevailing party under the NJLAD.  *See* N.J.S.A. § 10:5-27.1. Thus, such fees should be calculated as part of the amount in controversy requirement.  Attorneys' fees are a "necessary part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action [asserted]." *See Goralski,* at \*16 (citation omitted).

g.    Accordingly, aggregating these amounts, the amount in controversy exceeds the jurisdictional minimum of $75,000.  *See* 28 U.S.C. § 1332(a).

12.    This Notice of Removal has been filed in the United States District Court for the District of New Jersey, the district court of the United States for the district and division within which the State Court Action is pending, as required by 28 U.S.C. §§ 1441(a) and 1446(a).

13.    Upon filing of this Notice of Removal, Defendant gave written notice thereof to Peter D. Valenzano, Esq., McOmber McOmber & Luber, P.C., 54 Shrewsbury Ave, Red Bank, NJ 07701, attorneys for Plaintiff, and filed copies of the Notice of Removal with the Clerk, Superior Court of New Jersey, Law Division, Hudson County, pursuant to 28 U.S.C. §1446(d).

14.     By filing the Notice of Removal, Defendant does not concede Plaintiff is entitled to any damages or waive any defenses available to it at law, in equity, or otherwise.

WHEREFORE, Defendant respectfully requests that this action proceed in this Court as an action properly removed to it.

LITTLER MENDELSON, P.C.
Attorneys for Defendant
*Amazon.com Services LLC*

By:          */s/ Keith J. Rosenblatt*
                      Keith J. Rosenblatt
                      Marlie Blaise

Dated: January 4, 2023

7

# EXHIBIT A

Attorney(s):              Peter D. Valenzano, Esq.
Attorney Id No.:          037892010
Law Firm:                 McOmber McOmber & Luber, P.C.
Address:                  54 Shrewsbury Avenue
                          Red Bank, New Jersey 07701

Telephone No.:            (732) 842-6500
Fax No.:                  (732) 530-8545
E-mail:                   pdv@njlegal.com
Attorney(s) for Plaintiff(s):

| | |
|---|---|
| RONALD BUTTO | SUPERIOR COURT OF NEW JERSEY |
| | Law DIVISION |
| | HUDSON COUNTY |
| Plaintiff(s) | |
| vs. | DOCKET NO.: HUD-L-003942-22 |
| AMAZON.COM SERVICES, LLC; JONATHAN LNU; JESSICA LNU | CIVIL ACTION |
| Defendant(s) | **Summons** |

**FROM THE STATE OF NEW JERSEY**
  individuals),

To the Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is provided and available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 _____ and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

31 - Summons - Law or Chancery Divisions
Superior Court. Appendix XII-A. CN 10153.
Rev. 11/14    P11/18

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com    800.222.0510    Page 1

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey statewide hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is provided and available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

Date: __December 01, 2022__        /s/ Michelle M. Smith

*Clerk of the Superior Court*

Name of Defendant to be Served: __Amazon.com Services, LLC__

Address of Defendant to be Served: __Princeton South Corporate Center, Suite 160, 100 Charles Ewing BLVD, Ewing, NJ 08628__

c/o c sc / PA

31 - Summons - Law or Chancery Divisions
Superior Court. Appendix XII-A. CN 10153.
Rev. 11/14   P11/18

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 2

Christian V. McOmber, Esq. – NJ ID #012292010
  cvm@njlegal.com
Peter D. Valenzano, Esq. – NJ ID #037892010
  pdv@njlegal.com
Rachel C. Krupnick, Esq. – NJ ID #378192021
  rck@njlegal.com
McOMBER McOMBER & LUBER, P.C.
54 Shrewsbury Avenue
Red Bank, New Jersey 07701
(732) 842-6500 Phone
(732) 530-8545 Fax
*Attorneys for Plaintiff, Ronald Butto*

| | |
|---|---|
| RONALD BUTTO,<br><br>       Plaintiff,<br><br>   v.<br><br>AMAZON.COM SERVICES, LLC; JONATHAN (last name unknown); JESSICA (last name unknown); ABC CORPORATIONS 1-5 (fictitious names describing presently unidentified business entities); and JOHN DOES 1-5 (fictitious names describing presently unidentified individuals),<br><br>       Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – HUDSON COUNTY<br>DOCKET NO.:<br><br><br>    <u>Civil Action</u><br><br>**COMPLAINT & DEMAND FOR TRIAL BY JURY; FIRST DEMAND FOR PRODUCTION OF DOCUMENTS AND FIRST SET OF INTERROGATORIES DIRECTED TO ALL DEFENDANTS** |

Plaintiff Ronald Butto ("Plaintiff"), by way of Complaint against Defendant Amazon.com Services, LLC ("Defendant Amazon"), Defendants ABC Corporations 1-5 (fictious names describing presently unknown business entities) (along with "Defendant Amazon", collectively referred to as the "Corporate Defendants" or the "Amazon Defendants"), Defendant Jonathan Last Name Unknown ("Defendant Jonathan LNU"), Defendant Jessica Last Name Unknown ("Defendant Jessica LNU"), and Defendants John Does 1-5 (fictitious names describing presently unidentified individuals) (along with "Defendant Johnathan LNU," and "Defendant Jessica LNU," collectively referred to as "Individual Defendants") allege as follows:

## INTRODUCTION

Defendant Amazon violated the New Jersey Law Against Discrimination N.J.S.A 10:5-1, et seq. (hereinafter "LAD") by subjecting Plaintiff to a brutal campaign of retaliation when he requested accommodations for his disability. After spraining the tendons of his right hand, Plaintiff, was advised to adhere to a fifteen (15) pound weight limit by his physician to avoid further damage and promote recovery of his injury. Rather than reasonably accommodate Plaintiff's disability, the Amazon Defendants responded with transparent hostility, discrimination, and retaliation toward Plaintiff. These targeted acts of reprisal ultimately culminated in Plaintiff's December 14, 2021 termination.

The facts conclusively reveal when Plaintiff returned to work from a brief medical leave, Defendant Jonathan LNU, the Operations Manager at the Bayonne warehouse, demanded Plaintiff perform duties expressly prohibited by his physician's note. Indeed, in direct contravention of his medical recommendations, the Amazon Defendants forced Plaintiff to pull "U-boat carts" which could weigh up to one hundred and fifty (150) pounds. They likewise directed Plaintiff to push heavy boxes, some of which weighed forty to fifty (40-50) pounds. When Plaintiff reminded Defendant Jonathan LNU about his accommodation, Defendant Jonathan LNU responded by stating, ***"You have to do what you're assigned to do."*** In other words, the Amazon Defendants pressured Plaintiff into disobeying his doctor's instructions and exposed him to even greater sustained injury.

Worse, after Plaintiff expressed reluctance to violate his doctor's recommendations, Defendant Jonathan LNU began to reprimand him over seemingly innocuous errors outside his control. In fact, Defendant Jonathan LNU gave Plaintiff his first writeup after Plaintiff returned from medical leave. Although Plaintiff submitted a formal harassment complaint to the Amazon Defendants, they failed to investigate or address same.

Ultimately, Defendants' retaliation culminated in Plaintiff's unlawful termination on December 14, 2021. Defendant Jessica LNU, a Human Resources Representative for Defendant Amazon, accused Plaintiff of stealing company time for using the restroom after a break. This baseless accusation and subsequent termination undoubtedly stemmed from Plaintiff's ongoing requests for an accommodation. As a direct result of Defendant's wrongful and discriminatory termination of Plaintiff, Plaintiff suffered and continues to incur significant economic damages. Fortunately, the LAD provides redress for victims of such discrimination. Accordingly, Plaintiff brings this lawsuit to vindicate his right to work in an environment free from disability discrimination and retaliation.

## PARTIES

1.    Plaintiff is a twenty-one (21) year old male currently residing in Bayonne, New Jersey, and at all times relevant hereto was employed by Defendant Amazon as a Warehouse Worker.

2.    Defendant Amazon is a subsidiary of the larger Amazon.com, Inc, which is a multinational technology corporation focused on e-commerce, cloud computing, digital streaming, and artificial intelligence. Defendant Amazon operates a warehouse at 105 Avenue A, Bayonne, New Jersey, 07002. At all times relevant hereto, Defendant Amazon is an "employer" as defined under the LAD.

3.    Defendant Jonathan LNU, at all times relevant hereto, was employed at Defendant Amazon as an Operations Manager. This claim is brought against Defendant Jonathan LNU in his individual capacity and as an agent of Defendant Amazon who aided and abetted the Corporate and Individual Defendants in the discrimination and retaliation referenced herein. At all times relevant hereto, Defendant Jonathan LNU is an "employer" as defined under the NJLAD.

4.       Defendant Jessica LNU, at all times relevant hereto, was employed by Defendant Amazon as a Human Resources Representative. This claim is brought against Defendant Jessica LNU in her individual capacity and as an agent of Defendant Amazon who aided and abetted the Corporate and Individual Defendants in the discrimination and retaliation referenced herein. At all times relevant hereto, Defendant Jessica LNU is an "employer" as defined under the NJLAD.

5.       Defendants ABC corporations 1-5 are currently unidentified business entities that have acted in concert with Defendant Amazon, and/or currently unidentified business entities responsible for the creation and/or implementation of harassment or anti-discrimination policies of Defendant Amazon, and/or currently unidentified business entities that have liability for the damages suffered by Plaintiff under any theory advanced herein.

6.       Defendants John Does 1-5 are currently unidentified individuals who acted in concert with Defendants and/or currently unidentified individuals responsible for the creation and/or implementation of harassment or anti-discrimination policies of Defendant Amazon and/or are currently unidentified individuals who may have liability for the damages suffered by Plaintiff under any theory advanced herein.

## FACTS COMMON TO ALL CLAIMS

7.       Defendant Amazon claims, at all times relevant hereto, that it had in effect at its facilities and locations within the State of New Jersey specific policies prohibiting discrimination based on disability.

8.       Defendant Amazon claims, at all times relevant hereto, that it had in effect at its facilities and locations within the State of New Jersey policies and procedures prohibiting workplace retaliation.

9.      Defendant Amazon claims, at all times relevant hereto, that it had in effect at its facilities and locations within the State of New Jersey a zero-tolerance policy when it comes to workplace retaliation and discrimination.

10.     Defendant Amazon claims, at all times relevant hereto, that it had in effect at its facilities, locations and branches throughout the State of New Jersey, policies and procedures requiring an employee who believes they were the victim of discrimination and workplace retaliation to report the discriminatory and/or retaliatory acts or omissions to supervisory, management and/or human resources personnel working for Defendant Amazon.

11.     Defendant Amazon claims, at all times relevant hereto, that it had in effect at its facilities, locations and branches throughout the State of New Jersey, policies and procedures to engage in a timely and effective investigation of complaints of claims of discrimination and retaliation brought to its attention by Defendant Amazon.

12.     Defendant Amazon claims, at all times relevant hereto, that it had in effect at its facilities, locations and branches throughout the State of New Jersey, policies and procedures committing to undertake prompt and remedial measures to put a stop to any discriminatory or retaliatory conduct it found to exist.

13.     Defendant Amazon claims, at all times relevant hereto, that it had in effect at its facilities and locations within the State of New Jersey a policy providing for a reasonable medical accommodation to disabled employees.

14.     Defendant Amazon claims, at all times relevant hereto, that it had in effect at its facilities and locations within the State of New Jersey policies and procedures prohibiting workplace retaliation or discrimination against an employee who sought a reasonable accommodation for a medical disability.

15.     On or around October 19, 2020, Plaintiff commenced his employment with Defendant Amazon as a Warehouse Worker.

16.     Throughout Plaintiff's employment with Defendant Amazon, Plaintiff performed his job responsibilities competently and diligently, loyally dedicated to the company and its business needs.

**A.     The Amazon Defendants Fail to Accommodate Plaintiff's Reasonable Request For An Accommodation For His Medical Disability.**

17.     On or around October 31, 2021, Plaintiff sprained the tendons in his right hand, requiring him to wear a hand brace to work.

18.     Due to the injury, Plaintiff's doctor provided him a note placing him on medical leave from November 16, 2021 through December 3, 2021.

19.     Plaintiff's doctor's note also provided for work accommodations to last until the end of December 2021.

20.     Notably, Plaintiff's doctor requested a 15-pound weight limit with no exceptions to avoid further damage to Plaintiff's right hand as he recovered from his injury.

21.     When Plaintiff provided the Amazon Defendants with his doctor's note, the Amazon Defendants seemingly started the process for accommodating this request.

22.     However, when Plaintiff returned from medical leave on or around December 03, 2021, the Amazon Defendants stubbornly refused to implement the 15-pound weight restriction they had previously approved.

23.     Indeed, Plaintiff was required to pull "U-boat carts," which can weigh up to 150 pounds.

24.     Plaintiff was required to use his right hand to pull these carts, causing further injury to his hand.

25. The Amazon Defendants also required Plaintiff to push boxes, some of which weighed 40-50 pounds.

26. Defendant Jonathan LNU, the Operations Manager and Plaintiff's supervisor, told Plaintiff, "You have to do what you're assigned to do."

27. In other words, Defendant insinuated that Plaintiff had no choice but to abide by his instructions, which directly contradicted his doctor's orders.

28. Clearly, the Amazon Defendants were not open to accommodating Plaintiff's reasonable requests for his disability.

29. Not only was Plaintiff's accommodation request completely ignored, but he was also subjected to an unreasonably hostile work environment as a result of same.

**B.** **The Amazon Defendants Retaliate Against Plaintiff Because of His Reasonable Request for A Disability Accommodation.**

30. The Amazon Defendants were openly hostile toward Plaintiff following his return from his brief medical leave and his request for an accommodation.

31. By way of example, the Amazon Defendants began to micromanage Plaintiff and take issue with things that they had never disciplined him about prior to his request for an accommodation.

32. By way of example, on or around December 9, 2021, Plaintiff used the restroom after his break ended and was about fifteen (15) minutes late to his shift because the timecard system was malfunctioning and not registering his attempts to punch back in.

33. As soon as Plaintiff returned from the restroom, Defendant Jonathan LNU demanded Plaintiff show him his timecard.

34.     Plaintiff explained the timecard system was not working properly, but Defendant Jonathan LNU proceeded to berate him and write him up for coming back late. Plaintiff had never been written up or disciplined prior to this incident.

35.     Importantly, this was the first time Plaintiff was ever late following a break.

36.     Moreover, Plaintiff had sufficient personal and vacation time which could have been applied toward this and suggested Defendant Jonathan LNU use this time to make up for the fifteen (15) minutes.

37.      Instead of accepting the use of his personal or vacation time, the Amazon Defendants doubled down on their discrimination and retaliation and accused Plaintiff of stealing company time.

38.     Upset by this treatment, on or around December 12, 2021, Plaintiff submitted a complaint to the Amazon Defendants.

39.     Specifically, Plaintiff complained the Amazon Defendants were harassing him following his injury and behaving unlawfully in refusing to abide by his doctor's instructions for accommodating his disability.

**C.**     **The Amazon Defendants Wrongfully Terminate Plaintiff in Direct Retaliation for His Request For A Reasonable Accommodation.**

40.     Just two days after Plaintiff submitted a written complaint of harassment against the Amazon Defendants, Defendant Jessica LNU, a Human Resources Representative at Defendant Amazon, advised Plaintiff he was being terminated.

41.     On or around December 14, 2021, Defendant Jessica LNU told Plaintiff the reason for the termination was because he was stealing company time when he went to the restroom after his break.

42. No one at Defendant Amazon investigated Plaintiff's complaint of harassment and failure to accommodate.

43. Instead, Plaintiff was subjected to even more retaliation by an almost immediate termination of his employment with the company.

44. As a result of the Amazon Defendant's discrimination and retaliatory termination of Plaintiff, Plaintiff suffered and continues to suffer significant economic loss and emotional distress.

## COUNT ONE

## NJLAD – DISPARATE TREATMENT & DISCRIMINATION DUE TO DISABILITY

45. Plaintiff repeats each and every allegation set forth above as if set forth fully herein at length.

46. The treatment received from Defendant Amazon, Defendant Jonathan LNU, Defendant Jessica LNU, ABC Corporations 1-5 and John Does 1-5, jointly or severally, violates the LAD which prohibits unlawful employment discrimination against any person because of race, religion, age gender, **handicap**, marital status, national origin, sexual orientation, etc.

47. Plaintiff's medical condition(s) fit the definition of handicap under the LAD

48. The above-described conduct would not have occurred but for Plaintiff's disability.

49. Defendants did not have an effective anti-discrimination policy in place, Defendants have not maintained an anti-discrimination policy that is current and effective, and Defendant's anti-discrimination policy existed in name-only.

50. Defendants did not maintain useful formal and information complaint structures for victims of discrimination, harassment, or retaliation.

51. Defendants did not properly train their supervisors and/or employees on the subject of discrimination, harassment, and retaliation.

52.     Defendants failed to institute appropriate monitoring mechanisms to check the effectiveness of the policies and complaint structures.

53.     Defendants did not have a commitment from the highest levels of management that discrimination and harassment will not be tolerated.

54.     As a result of the above harassing and discriminatory conduct, Plaintiff experiences ongoing and debilitating emotional distress and experiences significant economic damages.

55.     As the employer and/or supervisor of Plaintiff, Defendants are vicariously, strictly, and/or directly liable to Plaintiff pursuant to the New Jersey Law Against Discrimination ("LAD"),

56.     N.J.S.A. 10:5-1, et seq., in that Defendants subjected Plaintiff to discriminatory adverse employment actions; and/or the affirmative acts of discrimination committed by Individual Defendants occurred within the scope of their employment; the creation of the hostile work environment was aided by Defendants in delegating power to Individual Defendants to control the day-to-day working environment; and/or Defendants were deliberately indifferent, reckless, negligent and/or tacitly approved the discrimination and/or hostile work environment; and/or Defendants failed to create and/or have in place well-publicized and enforced anti-discrimination policies, effective formal and informal complaint structures, training, and/or monitoring mechanisms for same despite the foreseeability of discrimination in the workplace; and/or by having actual knowledge of the discrimination of Plaintiff and failing to promptly and effectively act to stop it.

57.      Defendants aided, abetted, incited, compelled and/or coerced, and/or attempted to aid, abet, incite, compel and/or coerce Individual Defendants to commit acts and omissions that were in violation of the LAD by committing affirmatively discriminatory acts towards Plaintiffs in violation of the supervisory duty to halt or prevent discrimination, rendering all Defendants individually and collectively liable to Plaintiff pursuant to N.J.S.A. 10:5-12(e).

58. As a proximate cause of the joint and several unlawful acts and omissions of the Defendants described at length herein, Plaintiff was terminated from his position of employment with Defendant Amazon.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendants on this Count, together with compensatory and equitable relief, all remedies available under the LAD, punitive damages, pre-and post-judgment interest, attorneys' fees and costs of suit, and for such other relief that the Court deems equitable and just. More specifically, Plaintiff demands judgment against Defendants for harm suffered in violation of the LAD as follows:

A. Reinstatement of employment and all benefits;
B. Back pay and benefits;
C. Front pay and benefits;
D. Compensatory damages;
E. Consequential damages;
F. Reinstatement;
G. Punitive damages;
H. Prejudgment interest and enhancements to off-set negative tax consequences;
I. Any and all attorneys' fees, expenses and/or costs, including, but not limited to, court costs, expert fees and all attorneys' fees incurred by Plaintiff in the prosecution of this suit (including enhancements thereof required to off-set negative tax consequences and/or enhancements otherwise permitted under law);
J. Such other relief as may be available pursuant to the LAD and which the Court deems just and equitable;
K. Ordering Defendants to take appropriate corrective action to stop and prevent retaliation at the workplace;
L. Ordering Defendants to take appropriate corrective action to stop and prevent harassment at the workplace;
M. Ordering Defendants to undergo anti-discrimination training;
N. Ordering Defendants to undergo anti-retaliation training;
O. Ordering Defendants to undergo anti-harassment training;
P. Ordering Defendants to undergo workplace civility training;
Q. Ordering Defendants to undergo bystander intervention training;
R. Ordering Defendants to engage a research organization to assess the effectiveness of their anti-discrimination training;
S. Ordering Defendants to engage a research organization to assess the effectiveness of their anti-retaliation training;
T. Ordering Defendants to engage a research organization to assess the effectiveness of their anti-harassment training;

U.    Ordering Defendants to engage a research organization to assess the effectiveness of their workplace civility training;

V.    Ordering Defendants to engage a research organization to assess the effectiveness of their bystander intervention training;

W.    Ordering Defendants to identify an appropriate professional to investigate any future complaints of discrimination;

X.    Ordering Defendants to identify an appropriate professional to investigate any future complaints of harassment;

Y.    Ordering Defendants to identify an appropriate professional to investigate any future complaints of retaliation; and

Z.    Such other relief as may be available and which the Court deems just and equitable.

## COUNT TWO

## NJLAD – RETALIATION/IMPROPER REPRISAL

59.    Plaintiff repeats each and every allegation set forth above as if set forth fully herein at length

60.    Defendants took retaliatory action against Plaintiff by terminating Plaintiff after he requested a reasonable accommodation in the form of a weight restrictions for his medical disability.

61.    Defendants are vicariously, strictly, and/or directly liable to Plaintiff for unlawful retaliation in violation of the LAD pursuant to *N.J.S.A.* 10:5-12(d).

62.    As a proximate result of the aforementioned acts and omissions set forth herein, Plaintiff has sustained damages.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendants on this Count, together with compensatory and equitable relief, all remedies available under the LAD, punitive damages, pre- and post-judgment interest, attorneys' fees and costs of suit, and for such other relief that the Court deems equitable and just. More specifically, Plaintiff demands judgment against Defendants for harm suffered in violation of the NJLAD as follows:

A.    Reinstatement of employment and all benefits;
B.    Back pay and benefits;

C. Front pay and benefits;

D. Compensatory damages;

E. Consequential damages;

F. Reinstatement;

G. Punitive damages;

H. Prejudgment interest and enhancements to off-set negative tax consequences;

I. Any and all attorneys' fees, expenses and/or costs, including, but not limited to, court costs, expert fees and all attorneys' fees incurred by Plaintiff in the prosecution of this suit (including enhancements thereof required to off-set negative tax consequences and/or enhancements otherwise permitted under law);

J. Such other relief as may be available pursuant to the LAD and which the Court deems just and equitable;

K. Ordering Defendants to take appropriate corrective action to stop and prevent retaliation at the workplace;

L. Ordering Defendants to take appropriate corrective action to stop and prevent harassment at the workplace;

M. Ordering Defendants to undergo anti-discrimination training;

N. Ordering Defendants to undergo anti-retaliation training;

O. Ordering Defendants to undergo anti-harassment training;

P. Ordering Defendants to undergo workplace civility training;

Q. Ordering Defendants to undergo bystander intervention training;

R. Ordering Defendants to engage a research organization to assess the effectiveness of their anti-discrimination training;

S. Ordering Defendants to engage a research organization to assess the effectiveness of their anti-retaliation training;

T. Ordering Defendants to engage a research organization to assess the effectiveness of their anti-harassment training;

U. Ordering Defendants to engage a research organization to assess the effectiveness of their workplace civility training;

V. Ordering Defendants to engage a research organization to assess the effectiveness of their bystander intervention training;

W. Ordering Defendants to identify an appropriate professional to investigate any future complaints of discrimination;

X. Ordering Defendants to identify an appropriate professional to investigate any future complaints of harassment;

Y. Ordering Defendants to identify an appropriate professional to investigate any future complaints of retaliation; and

Z. Such other relief as may be available and which the Court deems just and equitable.

## COUNT THREE

### NJLAD – DISABILITY DISCRIMINATION: FAILURE TO ACCOMMODATE AND FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

63. Plaintiff repeats each and every allegation set forth above as if set forth fully herein at length.

64. The conduct of Defendants as detailed above constitutes disability discrimination, specifically the failure to reasonably accommodate disabled persons and the failure to engage in the interactive process required by New Jersey law.

65. As a proximate result of the aforementioned acts and omissions set forth herein, Plaintiff has sustained damages.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendants on this Count, together with compensatory and equitable relief, all remedies available under the NJLAD, punitive damages, pre- and post-judgment interest, attorneys' fees and costs of suit, and for such other relief that the Court deems equitable and just. More specifically, Plaintiff demands judgment against Defendants for harm suffered in violation of the NJLAD as follows:

A. Reinstatement of employment and all benefits;
B. Back pay and benefits;
C. Front pay and benefits;
D. Compensatory damages;
E. Consequential damages;
F. Reinstatement;
G. Punitive damages;
H. Prejudgment interest and enhancements to off-set negative tax consequences;
I. Any and all attorneys' fees, expenses and/or costs, including but not limited to court costs, expert fees, and all attorneys' fees incurred by Plaintiff in the prosecution of this suit (including enhancements thereof required to off-set negative tax consequences and/or enhancements otherwise permitted under law);
J. Such other relief as may be available pursuant to the NJLAD and which the Court deems just and equitable;
K. Ordering Defendants to take appropriate corrective action to stop and prevent retaliation at the workplace;

L.      Ordering Defendants to take appropriate corrective action to stop and prevent harassment at the workplace;

M.      Ordering Defendants to undergo anti-discrimination training;

N.      Ordering Defendants to undergo anti-retaliation training;

O.      Ordering Defendants to undergo anti-harassment training;

P.      Ordering Defendants to undergo workplace civility training;

Q.      Ordering Defendants to undergo bystander intervention training;

R.      Ordering Defendants to engage a research organization to assess the effectiveness of their anti-discrimination training;

S.      Ordering Defendants to engage a research organization to assess the effectiveness of their anti-retaliation training;

T.      Ordering Defendants to engage a research organization to assess the effectiveness of their anti-harassment training;

U.      Ordering Defendants to engage a research organization to assess the effectiveness of their workplace civility training;

V.      Ordering Defendants to engage a research organization to assess the effectiveness of their bystander intervention training;

W.      Ordering Defendants to identify an appropriate professional to investigate any future complaints of discrimination;

X.      Ordering Defendants to identify an appropriate professional to investigate any future complaints of harassment;

Y.      Ordering Defendants to identify an appropriate professional to investigate any future complaints of retaliation; and

Z.      Such other relief as may be available and which the Court deems just and equitable.

## <u>COUNT FOUR</u>

## <u>NJLAD – WRONGFUL TERMINATION</u>

66.      Plaintiff repeats each and every allegation set forth above as if set forth fully herein at length.

67.      Plaintiff complained and/or protested against the continuing course of harassing, discriminatory, and retaliatory conduct set forth at length above. Defendants had knowledge about those complaints and/or protests.

68.      As a direct result, Defendants terminated Plaintiff's employment.

69.      Defendants are vicariously, strictly and/or directly liable to Plaintiff for unlawful, wrongful termination in violation of the NJLAD.

70.     As a proximate result of the aforementioned acts and omissions set forth herein, Plaintiff has sustained emotional and pecuniary damages.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendants on this Count, together with compensatory and equitable relief, punitive damages, pre- and post-judgment interest, attorneys' fees and costs of suit, and for such other relief that the Court deems equitable and just.

### DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to Rule 4:10-2(b), demand is made that Defendants disclose to Plaintiff's attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide Plaintiff's attorney with true copies of those insurance agreements or policies, including, but not limited to, any and all declaration sheets. This demand shall include and cover not only primary insurance coverage, but also any excess, catastrophe, and umbrella policies.

### DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues.

McOMBER McOMBER & LUBER, P.C.
*Attorneys for Plaintiff, Ronald Butto*

By: /s/ *Peter D. Valenzano*
PETER D. VALENZANO, ESQ.

Dated: November 29, 2022

## DESIGNATION OF TRIAL COUNSEL

Pursuant to <u>Rule</u> 4:25-4, PETER D. VALENZANO, ESQUIRE, is hereby designated as trial counsel for Plaintiff.

## CERTIFICATION

Pursuant to <u>Rule</u> 4:5-1, it is hereby certified that, to the best of my knowledge, there are no other civil actions or arbitration proceedings involving this matter with respect to this matter and no other parties need to be joined at this time.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

McOMBER McOMBER & LUBER, P.C.
*Attorneys for Plaintiff, Ronald Butto*

By: /s/ *Peter D. Valenzano*
    PETER D. VALENZANO, ESQ.

Dated: November 29, 2022

Christian V. McOmber, Esq. – NJ ID #012292010
  cvm@njlegal.com
Peter D. Valenzano, Esq. – NJ ID #037892010
  pdv@njlegal.com
Rachel C. Krupnick, Esq. – NJ ID #378192021
  rck@njlegal.com
McOMBER McOMBER & LUBER, P.C.
54 Shrewsbury Avenue
Red Bank, New Jersey 07701
(732) 842-6500 Phone
(732) 530-8545 Fax
*Attorneys for Plaintiff, Ronald Butto*

| | |
|---|---|
| RONALD BUTTO,<br><br>               Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES, LLC; JONATHAN (last name unknown); JESSICA (last name unknown); ABC CORPORATIONS 1-5 (fictitious names describing presently unidentified business entities); and JOHN DOES 1-5 (fictitious names describing presently unidentified individuals),<br><br>               Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>HUDSON COUNTY<br><br>DOCKET NO.:<br><br>Civil Action<br><br>**PLAINTIFFS' FIRST SET OF INTERROGATORIES, FIRST DEPOSITION NOTICES, AND FIRST NOTICE TO PRODUCE TO DEFENDANTS** |

### PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS, INTERROGATORIES, AND DISCOVERY DEMANDS RELATING TO PUNITIVE DAMAGES

**PLEASE TAKE NOTICE** that McOmber McOmber & Luber, P.C., attorneys for Plaintiff

Ronald Butto, demand that Defendants Amazon.com Services, LLC, Jonathan (last name

unknown) and Jessica (last name unknown) (collectively "Defendants") produce true and complete

copies of the following Document Requests and answer under oath the following Interrogatories

pursuant to the Rules of Court. Interrogatories answers shall be typed beneath the questions and

the original shall be returned in accordance with Rule 4:17-4(c) and, if at any time prior to trial,

you obtain information which renders any answer you provide incomplete or inaccurate, amended answers shall be served pursuant to Rule 4:17-7. Both the Document Request and Interrogatories shall be continuing so as to require supplemental responses and/or answers if Defendant(s) obtain(s) further documents or information between the time the response is served and the time of trial/hearing.

## DEFINITIONS

1. "Plaintiff" shall mean, individually and collectively, each Plaintiff identified in the above-captioned action. If more than one Plaintiff is identified in the caption as a party to this lawsuit, Defendants must respond to each request with specific responses applicable to each Plaintiff in this lawsuit.

2. "Defendant Amazon" shall mean Amazon.com Services, LLC, and any of its officers, directors, employees, agents, representatives, successors, predecessors, assigns, divisions, affiliates, subsidiaries, and all persons acting or purporting to act on its behalf.

3. "Defendant Jessica" shall mean Jessica (last name unknown), Defendant in the above-captioned action.

4. "Defendant Jonathan" shall mean Jonathan (last name unknown), Defendant in the above-captioned action.

5. "Defendant(s)" shall individually and collectively mean all Defendants in the above-captioned action.

6. The term "Corporate Defendant(s)" shall individually and collectively any Defendant company, corporation, partnership, union, joint venture, sole proprietorship, association, government agency, or organization, or any other similar type of group through which business is conducted, or any director, officer, employee, or agent thereof.

7.      The term "Individual Defendant(s)" shall mean any defendant in this matter sued in his/her individual capacity or as an agent/servant of any Corporate Defendant.

8.      The terms "you," "your," or "yours" shall mean the party answering these interrogatory questions.

9.      "Entity" shall mean any company, corporation, partnership, union, joint venture, sole proprietorship, association, government agency, or organization, or any other similar type of group through which business is conducted, or any director, officer, employee, or agent thereof.

10.      "Person" shall mean any natural Person, partnership, corporation, or other business entity and all present and former officers, directors, agents, employees, attorneys and others acting or purporting to act on behalf of such natural Person, partnership, corporation or other business entity.

11.      The term "Action" shall mean the civil action captioned above.

12.      The "Complaint" shall mean the Complaint filed by Plaintiff(s) in this Action.

13.      The term "Answer" shall mean any Answer to the Complaint filed by any party in this Action, which specifically includes all Affirmative Defenses, Denials, and Counterclaims, and was filed with the Court in the above-captioned Action.

14.      The term "Investigation" shall mean any investigation, inquiry, analysis, review, examination, research, study, interview, interrogation, and/or collection of evidence, statements (oral or written), and documents.

15.      The term "Grievance" shall mean any complaint, grievance, accusation, allegation, protest, and/or objection (formal or otherwise) by Plaintiff(s) or any Person concerning any of the Defendant(s) and Plaintiff.

16.      "Document" or "documents" is defined in accordance with New Jersey Court Rule 4:18-1 and includes the original and any identical or non-identical copy, regardless of origin

or location, of any written, reported, filmed, magnetically stored, or graphic matter, or record of any type or description, whether produced, reproduced, or producible on paper, cards, tapes, film, electronic facsimile, computer storage devices, or any other media, including, but not limited to, memoranda, notes, minutes, records, photographs, computer programs, correspondence, telegrams, diaries, bookkeeping entries, specifications, source code, object code, flow charts, financial statements, charts, studies, reports, graphs, statements, notebooks, handwritten notes, application, feasibility studies, agreements, books, pamphlets, periodicals, appointment calendars, notes, records and recordings of oral conversations or voicemails, emails, inter-office or intra-office communications, handwritten or other notices, diaries, invoices, purchase orders, bills of lading, work papers, and also including, but not limited to, originals and all copies which are different from the original, whether by interlineation, receipt stamp, notation, indication of copy sent or received, or otherwise, and drafts, which are in the possession, custody or control of the present or former agents, representatives, employees, or attorneys of Defendant(s), or all persons acting on Defendant(s)' behalf, including documents at any time in the possession, custody or control of such Individuals or entities who are known by Defendant(s) to exist. Include any catalog, brochure, or any other data compilations from which information can be obtained and translated if necessary, or any other written, recorded, stored, transcribed, punched, taped, filed or graphic matter however produced or reproduced, to which Defendant(s) have or have had access.

17.   The term "communication" means any conversation, correspondence, discussion, meeting, message, record of phone calls, or other occurrence in which data, conclusions, information, opinions, or thoughts are exchanged between two or more persons, whether it be written, oral, or electronically transmitted.

18.   The terms "all" and "any" shall both be construed as "any and all."

19. The terms "and," "or," and "and/or" shall be construed in both the disjunctive and conjunctive to permit the broadest possible reading of the request so as to bring within the scope of the request documents and other material that might otherwise be construed to be outside the request.

20. The term "concerning" means concerning, comprising, constituting, containing, commenting on, dealing with, describing, discussing, embodying, evidencing, illustrating, pertaining to, referring to, reflecting, regarding, relating to, responding to, stating, or supporting in any way, either directly or indirectly.

21. The phrases "relating to" or "relate to" or "relates to" or "refer to" or "refers to" or "referred" or "relating to" and/or "regarding" shall be construed in the broadest possible sense to mean, inter alia, concerning, referring to, embodying, constituting, describing, connected with, commenting on, responding to, evidencing, identifying, supporting, contradicting, rebutting, pertaining to, and/or relating in any way.

22. The term "including" or "include" shall mean "including without limitation."

23. Masculine forms of any noun or pronoun shall embrace and be read to include the feminine or neuter, as the context may make appropriate.

## **INSTRUCTIONS**

1. In addition to the specific instructions enumerated below, the following Document Requests and Interrogatories shall be subject to the New Jersey Rules of Court.

2. If more than one Plaintiff is identified in the caption as a party to this lawsuit, Defendant(s) must respond to each request with specific responses applicable to each Plaintiff in this lawsuit.

3. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and last known place of employment.

4.      These Document Requests and Interrogatories shall be deemed continuing in nature so as to require prompt supplementation if, as, and when obtain additional information.

5.      If anyone identified in response to any of the Document Requests and/or Interrogatories was formerly, but is no longer, employed by you, please so state in the answer and provide the former employee's current address and telephone number (business or home), if known. If the current address and telephone number are not known, then please provide the former employee's last known address and telephone number.

6.      You shall be under a continuing obligation to supplement answers to the Document Requests and Interrogatories.

7.      If you cannot respond to any of the following Document Requests and/or Interrogatories in full after exercising due diligence to secure the information to do so, then respond to the extent possible and explain your inability to provide a complete answer. State whatever information or knowledge you have about the unanswered portion of any Document Request and/or Interrogatories.

8.      Whenever a Document Request and Interrogatories asks for a date, state the exact day, month and year, if ascertainable or, if not, the best approximation thereof.

9.      Documents shall be produced in their original state (i.e., in their original file folders in the exact order as found) without removal or rearrangement of anything contained therein.

10.      Each document request that seeks information relating in any way to communications to, from, or within a business or entity is hereby designated to mean, and should be construed to include, all communications by and between that business and/or entity's present or former representatives, employees, agents, and servants of the business and/or entity.

11.     All documents shall be organized and labeled to correspond with the numbered paragraphs of these document requests. If there are no documents responsive to a particular document request, Defendant(s) shall so state in writing.

12.     All electronically stored information shall be produced in a reasonably usable form, and it shall not be converted from the form in which it is ordinarily maintained to a different form that would make it more difficult or burdensome for Plaintiff to use such information.

13.     In the event that any document or portion thereof is withheld on the basis of any privilege or otherwise claimed to be protected against production, such document shall be identified by stating: (a) the nature of the privilege or reason for withholding which Defendant(s) contend applied; (b) the factual basis for Defendant(s)' assertion of privilege or the reason for withholding; (c) the type of document (e.g., letter, memorandum, etc.); (d) all authors and addressees; (e) all indicated and blind copies; (f) all persons to whom the document was distributed, shown, or explained; (g) the document's date; (h) a summary description of the document's subject matter; (i) the number of pages and attachments or appendices comprising the document; and (j) its present custodian.

14.     Whenever a claim of privilege concerns any oral communication or statement, identify the participants to the communication and the person giving and receiving the statement, and set forth the date and place of the communication or statement and state the general subject matter thereof and state the basis for the claim of privilege.

15.     If any document was, but is no longer, in Defendant(s)' possession, or subject to Defendant(s)' control, or in existence, state whether it: (a) is missing or lost; (b) has been destroyed; (c) has been transferred, voluntarily or involuntarily, to others; or (d) has been otherwise disposed of.   In each instance, explain the circumstances surrounding any such disposition, including the authorization of the disposition, the date of destruction or discard, the manner of

destruction or discard and reason for destruction or discard, the persons who authored and carried out such destruction or discard, whether any copies of the document presently exist, and, if so, the name of the custodian of each copy.

16. An objection or claim of privilege directed to part of a request does not constitute an excuse for failure to respond to the parts of the Document Request and/or Interrogatories for which no objection to claim of privilege is made.

17. If a refusal to answer a Document Request and/or Interrogatories is based on the grounds that the request is overly burdensome, identify the number and nature of documents needed to be searched.

18. Punitive Requests relate to Corporate Defendant(s)' financial condition for purposes of punitive damages. "Case law recognizes the defendant's financial condition as a relevant factor in all punitive-damage awards." Herman v. Sunshine Chemical Specialties, Inc., 133 N.J. 329, 339, (1993). In order to properly determine the appropriate punitive damage award amount, the trier of fact "must consider evidence of the defendant's financial condition." Id. at 342. "The degree of punishment resulting from a judgment must be, to some extent, in proportion to the means of the guilty person. Restatement (Second) of Torts 908 comment d (1977)." McDonough v. Jorda, 214 N.J. Super. 338, 349 (1986), certif. denied, 110 N.J. 302,(1988) cert. denied, 489 U.S. 1065 (1989).

## **DOCUMENT REQUESTS TO DEFENDANT(S)**

1. All documents relating to any insurance policy or reinsurance policy that may be used to pay all or part of any judgment entered against Defendant(s) in this Action.

2. All statements, documents, or communications concerning Plaintiff's termination and/or the end of Plaintiff's employment with Corporate Defendant(s).

3. All statements, documents, or communications concerning any Investigation that relates to the claims and defenses asserted in this Action.

4. All statements, documents, or communications concerning Plaintiff's work performance.

5. All statements, documents, or communications concerning Plaintiff's work experience.

6. A complete copy of the personnel file Defendant(s) maintained pertaining to Plaintiff, including but not limited to copies of documents (written or electronic) relating to the following: (a) medical records and reports; (b) pay and benefits provided to Plaintiff; (c) attendance, sick time, disability time, personal time and/or vacation time; (d) commendations and/or performance reviews regarding Plaintiff; (e) job title or job status changes; (f) documents relating to any leave of absence; and (g) employer policy information provided to Plaintiff, if any.

7. A complete copy of the personnel file(s) Defendant(s) maintained pertaining to any Individual Defendant, including but not limited to copies of documents (written or electronic) relating to the following: (a) disciplinary action (i.e., oral reprimand, written reprimand, suspension, demotion, loss of pay, termination) being taken against any Individual Defendant; (b) performance evaluations that were conducted for any Individual Defendant; and (c) job title or job status changes for any Individual Defendant.

8. A copy of any and all written complaints and/or verbal complaints reduced to writing made about any Individual Defendant or any employee or agent of Defendant(s)' personal conduct (other than related to his/her job performance) during his/her tenure of employment with Corporate Defendant(s), if any.

9. A written job description for each position that Plaintiff held during Plaintiff's employment with Corporate Defendant(s).

10. A written job description for each position held by any Individual Defendant, or any employee or agent of Defendant(s) during his/her tenure of employment with Corporate Defendant(s).

11. A copy of any and all policies and/or procedures maintained and used by Defendant(s) establishing and/or describing official protocols for employees to report discrimination, harassment and/or retaliation.

12. A copy of any and all policies and/or procedures maintained and used by Defendant(s) establishing and/or describing official protocols for investigating and responding to reports of discrimination, harassment and/or retaliation made by employees, customers, clients, and/or any other Person.

13. A copy of any and all statements, documents, or communications that pertain to, refer to, or discuss discrimination, harassment and/or retaliation by any Individual Defendant, or any agent or employee of any Defendant.

14. A copy of any and all statements, documents, or communications that pertain to, refer to, or discuss Defendant(s)' response to any allegations of discrimination, harassment and/or retaliation by any Individual Defendant, or agent or employee of any Defendant, including, but not limited to, deliberations by Defendant(s) as to whether and/or how to respond to such allegations.

15. A copy of any and all policies and/or procedures maintained and used by Defendant(s) establishing and/or describing official protocols for employees to report unlawful or unethical conduct.

16. A copy of any and all policies and/or procedures maintained and used by Defendant(s) establishing and/or describing official protocols for investigating and responding to reports of unlawful or unethical conduct made by employees, customers, clients, and/or any other Person.

17.     A copy of any and all statements, documents, or communications that pertain to, refer to, or discuss unlawful or unethical conduct by any Individual Defendant, or any agent or employee of any Defendant.

18.     A copy of any and all statements, documents, or communications that pertain to, refer to, or discuss Defendant(s)' response to any allegations of unlawful or unethical conduct by any Individual Defendant, or agent or employee of any Defendant, including but not limited to deliberations by Defendant(s) as to whether and/or how to respond to such allegations.

19.     A copy of any and all statements or communications (written or electronic) transmitted between Plaintiff and any Individual Defendant or any agent or employee of Defendant(s) at any time during Plaintiff's employment.

20.     All documents and electronic data that in any way relate to, refer to, discuss or memorialize any leave taken and/or requested by Plaintiff, or any other time Plaintiff was off work, at any time during Plaintiff's employment, including but not limited to Defendant(s)' response.

21.     A copy of any and all policies maintained by Defendant(s) or to which Defendant(s) were subject pertaining to any medical leave to which Plaintiff was entitled during Plaintiff's employment.

22.     All documents and electronic data that in any way relate to, refer to, discuss or memorialize any medical leave taken and/or requested by Plaintiff at any time during Plaintiff's employment, including but not limited to Defendant(s)' response.

23.     All statements, documents, or communications concerning Defendant(s)' medical leave policy.

24.     All documents pertaining to Defendant(s)' criteria for approving or denying employee medical leave.

25.      A copy of all documents (written or electronic) relating to each and every instance since January 01, 2010, in which an allegation was made and/or a lawsuit filed alleging that Defendant(s) engaged in discrimination, harassment, differential treatment, or the maintenance of a hostile work environment in violation of New Jersey's Law Against Discrimination. For each and every such instance, identify the person(s) who made the allegation, the person(s) against whom the allegation was made, the date of the behavior complained of, the date the complaint was made, the nature of the behavior complained of, and how, if any way, you investigated, handled, processed, and/or ultimately disposed of each and every such matter.

26.      A copy of all documents (written or electronic) relating to each and every instance since January 01, 2010, in which an allegation was made and/or a lawsuit filed alleging that Defendant(s) engaged in improper retaliation and/or reprisal in violation of New Jersey's Law Against Discrimination. For each and every such instance, identify the person(s) who made the allegation, the person(s) against whom the allegation was made, the date of the behavior complained of, the date the complaint was made, the nature of the behavior complained of, and how, if any way, you investigated, handled, processed, and/or ultimately disposed of each and every such matter.

27.      A copy of any and all employee handbooks in force and effect at any time during the period of Plaintiff's employment.

28.      A copy of any and all official policies, disciplinary forms, personnel records, or any other Human Resources materials used by Defendant(s) at any time in the last five (5) years.

29.      A copy of any and all documents which pertain to any investigation conducted by Defendant(s) into the allegations made by Plaintiff or which is referenced in Plaintiff's Complaint.

30.      All statements, documents, or communications concerning or made by Plaintiff that relate to this Action and/or the allegations asserted in the Complaint.

31. All statements, documents, or communications concerning or made by Defendant(s) that relate to this Action and/or the allegations asserted in the Complaint.

32. All statements, documents, or communications relating to statements of witnesses provided to Defendant(s) that relate to this Action and/or the allegations asserted in the Complaint.

33. All statements, documents, or communications concerning or made by Plaintiff that relate to the defenses, affirmative defenses, and/or denials asserted in the Answer.

34. All statements, documents, or communications concerning or made by Defendant(s) that relate to the defenses, affirmative defenses, and/or denials asserted in the Answer.

35. All statements, documents, or communications concerning or made by any Person (including any employees or coworkers) that relate to this Action and/or the allegations asserted in the Complaint.

36. All statements, documents, or communications concerning or made by any Person (including any of Defendant(s)' employees or coworkers) that relate to the defenses, affirmative defenses, and/or denials asserted in the Answer.

37. All statements, documents, or communications that support any defense or factual allegation asserted by Defendant(s) this Action.

38. All statements, documents, or communications concerning any agreement or contract between Plaintiff and Defendant(s).

39. All statements, documents, or communications relating to any Person contacted in connection with this Action.

40. All statements, documents, or communications relating to any Person interviewed in connection with this Action.

41. All statements, documents, or communications concerning any Person who has knowledge and/or information relating to this Action.

42. All statements, documents, or communications between Plaintiff and Defendant(s) that relate to this Action.

43. All statements, documents, or communications concerning any admissions by or of Defendant(s) that relate to this Action.

44. All statements, documents, or communications concerning any admissions of Plaintiff that Defendant(s) contends support his/her/their defenses in this Action.

45. All statements, documents, or communications concerning any admissions of Plaintiff that Defendant(s) contend support the defenses in this Action.

46. All statements, documents, or communications concerning each of Defendant(s)' Affirmative Defense(s) set forth in the Answer filed on behalf of Defendant(s).

47. All statements, documents, or communications concerning any of Defendant(s)' denials of allegations set forth in the Complaint.

48. All statements, documents, or communications concerning any employee anti-retaliation training completed by Defendant(s).

49. All statements, documents, or communications concerning any employee anti-discrimination training completed by Defendant(s).

50. All statements, documents, or communications concerning any employee anti-harassment training completed by Defendant(s).

51. All statements, documents, or communications concerning any training regarding appropriate workplace conduct and/or appropriate interpersonal conduct completed by Defendant(s).

52. All documents concerning any expert who may testify on Defendant(s)' behalf and which Defendant(s) intend to use or may rely upon at trial.

53. Copies of all books, documents, drawings, plans, photographs or other tangible things upon which Defendant(s) will rely in support of its defenses.

54. All statements, documents, or communications relating to any incident reports by Plaintiff.

55. All statements, documents, or communications relating to any Grievance made by Plaintiff concerning Defendant(s).

56. All statements, documents, or communications relating to any Grievance made by Defendant(s)' employees concerning Defendant(s).

57. All statements, documents, or communications relating to any Grievance made by Defendant(s)' customers or clients concerning Defendant(s).

58. All statements, documents, or communications concerning a Grievance relating to Defendant(s).

59. All statements, documents, or communications relating to any Investigation concerning Defendant(s).

60. All documents Defendant(s) intend to use for any purpose in this litigation, including but not limited to the data it intends to use in depositions or at trial.

61. All statements, documents, or communications concerning any Investigation that relates to the claims and defenses asserted in this Action.

62. All statements, documents, or communications concerning any Investigation that relates to Defendant(s).

63. All statements, documents, or communications concerning any Investigation that relates to Plaintiff.

64.     All reports (including drafts) relating to any Investigation concerning Defendant(s) and/or Plaintiff.

65.     All statements, documents, or communications between Defendant(s) and any Person relating to any Investigation of Defendant(s).

66.     Any written statements made by any parties to this lawsuit, including agents, representatives, and employees of Defendant(s).

67.     Any reports relevant to this matter written by an expert utilized by Defendant(s).

68.     Copies of any and all books, treatises, pamphlets or other printed material upon which Defendant(s) or any experts retained by Defendant(s) will rely, including using as an exhibit at trial.

69.     All statements of witnesses taken by Defendant(s), including Defendant(s)' agents or representatives.

70.     All documents or written statements rendered by any persons contacted or interviewed in connection with this matter at Defendant(s)' direction.

71.     All documents relating to and/or containing any admissions Defendant(s) intend to use at trial.

72.     All documents relating to any incident reports or Grievances taken concerning Plaintiff.

73.     All documents and electronic data that relate to, refer to, discuss or memorialize Plaintiff's hiring.

74.     Copies of any photographs, video, text messages, iMessages, emails or other medium with regard to any communications between Defendant(s) and Plaintiff.

75. Copies of any photographs, video, text messages, iMessages, emails or other medium with regard to any communications between Defendant(s) and Defendant(s)' agents, servants or representatives.

76. All documents and electronic data that relate to, refer to, discuss or memorialize the job performance of the individual or individuals who assumed Plaintiff's job duties after her employment.

77. All statements, documents, or communications concerning the job performance of any Individual Defendant or any agent or employee of Defendant(s) during the tenure of his/her employment.

78. All statements, documents, or communications concerning any communication between Defendant(s) and Defendant(s)' Human Resources Department, or between Defendant(s) and any Person, company, or entity providing Human Resources services to Defendant(s) regarding Plaintiff.

79. All documents identified or referenced in Defendant(s)' Answers to Plaintiff's First Set of Interrogatories to Defendant(s).

80. Produce a copy of Defendant(s)' written policy concerning retaliation.

81. Produce a copy of Defendant(s)' written policy concerning discrimination.

82. Produce a copy of Defendant(s)' written policy concerning harassment.

83. Produce a copy of Defendant(s)' written policy concerning medical leave.

84. All documents relating to Defendant(s)' policy or policies concerning electronic data retention and preservation.

85. All documents relating to Plaintiff's compensation during her employment with Defendant(s).

86.     All documents relating to any employee benefits or benefit plan in which Plaintiff has been eligible to participate during her employment with Defendant(s).

87.     All documents or electronic data relating, reflecting or referring to Defendant(s)' policy or policies concerning employees' use of laptops and management, preservation and/or deletion of data on such laptops.

88.     All documents or electronic data relating, reflecting or referring to Defendant(s)' policy or policies concerning employees' use of desktop computers from home or remote locations, and the management, preservation and/or deletion of data created or transmitted to or from such computers.

89.     All documents or electronic data relating, reflecting or referring to Defendant(s)' policy or policies concerning employees' use of email, including but not limited to the management, preservation and/or deletion of email.

90.     All documents or electronic data relating, reflecting or referring to Defendant(s)' policy or policies concerning the management, preservation and/or deletion of data related to Plaintiff's employment.

91.     All documents or electronic data relating, reflecting or referring to Defendant(s)' policy or policies concerning the management, preservation and/or deletion of data related to any tangible employment action taken against Plaintiff.

92.     All documents or electronic data relating, reflecting or referring to the management, preservation and/or deletion of electronic media that may contain information or data relevant to issues in this litigation, including but not limited to the "routine" destruction of replaced computer memories, hard drives, computers, computer systems, laptops, etc.

93.     All documents or electronic data relating, reflecting or referring to Defendant(s)' policy or policies concerning electronic data retention and preservation.

94.     All documents or electronic data relating, reflecting or referring to Defendant(s)' policy or policies concerning Defendant(s)' employees' use of its computers, computer system(s) and/or networks.

95.     All documents or electronic data relating, reflecting or referring to Defendant(s)' ability to restore archived electronic data relating to Plaintiff's employment contained on electronic media such that upon restoration it may be accessed, viewed, exported or printed.

96.     All statements, documents, or communications concerning or referring to any occasion in which Defendant(s) reprimanded or disciplined Plaintiff.

**<u>INTERROGATORIES TO DEFENDANT(S)</u>**

1.     State the reasons why Plaintiff was terminated and/or why Plaintiff's employment with Corporate Defendant(s) ended.

2.     State whether any Individual Defendant or any employee or agent of Defendant(s) has ever made discriminatory comments while at work and/or while on Defendant(s)' property and/or directed to any employee, client, or vendor of Defendant(s). For any such comments, please state the following:

a.     date of the comment;
b.     full name, address, and title of the person to whom the comment was made;
c.     full name, address, and title of the person who made the comment;
d.     a verbatim reproduction of the comment or, if not possible, the material substance of the comment;
e.     the reaction to the comment by the person to whom it was made; and
f.     describe any complaints or objections made by any person regarding the comment and the response to any such complaints by Defendant(s).

3.     State whether any Individual Defendant or any employee or agent of Defendant(s) has ever taken any retaliatory action towards Plaintiff or towards any other Person. For any such actions, please state the following:

a.    date of the action;

b.    full name, address, and title of the person against whom the action was taken;

c.    full name, address, and title of the person who took the action;

d.    a summary of the material substance of the action;

e.    the reaction to the action by the person against whom it was made; and

f.    describe any complaints or objections made by any person regarding the action and the response to any such complaints by Defendant(s).

4.    Identify by full name, job title, last known address, phone number and tenure of employment all Persons Defendant(s) contends comprises its Litigation Control Group in this action, and for each such identified person, the reasons for their inclusion in this group.

5.    State whether Plaintiff has received any negative performance evaluations, whether verbal or in writing, and set forth the date(s) and substance of any such evaluations.

6.    Identify by full name, job title, last known address and phone number each person who had knowledge that Plaintiff had been discriminated against, harassed, subjected to disparate treatment, and/or retaliated against during Plaintiff's employment with Defendant(s).

7.    State whether Plaintiff was a good employee and, if so, set forth in detail the reasons why Plaintiff was a good employee.

8.    State whether Plaintiff was a bad employee and, if so, set forth in detail the reasons why Plaintiff was a bad employee.

9.    Describe in detail Defendant(s)' response to Plaintiff's complaints about harassment and discrimination by Defendant(s).

10.    Describe in detail Defendant(s)' response to Plaintiff's complaints about retaliation by Defendant(s).

11.    Describe in detail Defendant(s)' and/or any employee of Defendant(s)' response when Plaintiff requested paid medical leave.

12.    Describe in detail Defendant(s)' policy regarding paid medical leave.

13. Identify by full name, job title, last known address and phone number each person who had knowledge of any of Plaintiff's periods of medical leave and/or the reasons why Plaintiff was out on leave and describe how each such person obtained that knowledge.

14. Identify by full name, job title, last known address and phone number each person who had knowledge of Plaintiff's hand sprain.

15. State the reasons why Defendant(s) required Plaintiff to pull U-boat carts up to 150 pounds, despite the 15-pound weight restriction from Plaintiff's doctor.

16. State the reasons why Defendant(s) required Plaintiff to push 40-50 pound boxes, despite the 15-pound weight restriction from Plaintiff's doctor.

17. Identify by full name, job title, last known address and phone number each person to whom Plaintiff directed any requests for medical leave at any time during the tenure of Plaintiff's employment.

18. State whether Defendant(s) engaged with Plaintiff in an interactive process to accommodate Plaintiff's disability and, if so, describe in detail the substance of this process and the accommodations offered by Defendant(s).

19. Describe in detail the substance of any and all of Defendant Jonathan's conversations with Plaintiff regarding the malfunction of the timecard system.

20. Identify each Person answering these Interrogatories by stating his or her:

    a. full name;
    b. address;
    c. title and relationship to the party upon whom these Interrogatories were served;
    d. his/her duties and responsibilities with the party upon whom these Interrogatories were served;
    e. the date when the employment of the person answering these Interrogatories commenced;
    f. the date upon which these Interrogatories were answered;

g.      whether you read and complied with the general instructions and definitions set forth in these Interrogatories (if not, explain in detail exactly how you failed to comply with these directions); and

h.      any custodians of records with relevant knowledge of documents produced in this matter.

21.      Identify each person, not a party to the action, who assisted or participated in preparing and/or supplying any of the information given in answer to or relied in answering these Interrogatories.

22.      State if information set forth in the answers to these Interrogatories is based on personal knowledge. If not based on personal knowledge, set forth with specificity the sources of information and belief.

23.      Indicate whether the individual or individuals certifying these Interrogatory answers had the opportunity to review the typed responses.

24.      Identify all documents used in responding to these Interrogatories. State whether the facts set forth in the answers are based on personal knowledge.

25.      State the name, last known address, and last known telephone number of all persons who have knowledge of facts relating in any way to this matter and specify the subject matter of each such person's knowledge.

26.      State the name, last known address, and last known telephone number of each person whom Defendant(s) may expect to call as a witness at trial and indicate those facts to which each such witness is expected to testify.

27.      State the names and business addresses of any and all proposed expert witnesses whom Defendant(s) have retained for this matter.

28.      With respect to each proposed expert witness referred to in the preceding Interrogatory, provide the following:

    a.    field of expertise;

    b.    educational background;

    c.    the names of any and all books, periodicals, or other writings that he or she has written or to which he or she has contributed;

    d.    the date, time, and place at which any oral opinion was rendered, specifying to whom that opinion was rendered and describing the content of that opinion;

    e.    true and accurate copies of any and all written reports or opinions, including drafts;

    f.    the name, last known address, last known telephone number, job title, and current employer of each person with whom the expert has met in connection with formulating his or her opinion or preparing his or her report(s);

    g.    true and accurate copies of any and all documents that the expert created, obtained, or reviewed in connection with the formulation of his or her opinion or the preparation of his or her report(s);

    h.    all tangible things upon which your expert(s) may rely as an exhibit at trial and identify the name and address of the person in whose custody the above identified tangible things are at the present time; and

    i.    if any such reports, either written or oral, subsequently become known to you or become available, submit copies thereof to supplemental answers to these Interrogatories.

29. With respect to each proposed expert witness referred to in the preceding Interrogatory, set forth in summary form the substance of the opinion to which each is expected to testify, including a summary of grounds for each opinion.

30. Identify the names and addresses of any persons other than those named in the preceding three Interrogatories who have been retained, specifically employed, or consulted by Defendant(s) in anticipation of litigation or preparation for trial and who may not be called as witnesses at trial and as to each:

    a.    state the subject matter on which he/she was consulted;

    b.    state his/her field of expertise;

    c.    set forth the full and detailed qualifications, training, professional and practical experience, education and degree obtained by such person (as to each item listed in the answer to this Interrogatory, set forth the dates and/or years of same, as well as the names and addresses of each institution attended; furthermore, set forth the nature of each place at which experience or training was received);

    d.    attach to the answers to these Interrogatories copies of all written reports submitted to you (or detailed resume if report was oral) of each such expert;

e.  state whether or not there are any other reports in existence from the particular experts named, either written or oral (if any such reports, either written or oral, subsequently become known to you, or become available, submit copies thereof of supplemental answers to these Interrogatories);

f.  set forth completely all expert opinions rendered by the named expert(s) which are not in writing;

g.  identify each document that has been relied upon by each expert witness in the formulation of his or her opinion; and

h.  state a summary of the grounds for each opinion.

31.  List chronologically each job title held by Plaintiff while employed by any Defendant(s) indicating the time period during which each position was held.

32.  For any position held by Plaintiff while employed by Defendant(s) for which there is no job description, describe with specificity the job functions of each such position to the best of Defendant(s)' knowledge.

33.  State the required qualifications and skills for each and every job title that Plaintiff held while employed by any Defendant(s).

34.  State whether Plaintiff was ever promoted while employed by any Defendant(s). For each promotion, state the following:

a.  what position or job title the promotion was from and what position or job title the promotion was to;

b.  the date of the promotion;

c.  the reason(s) for the promotion;

d.  the names, last known addresses, last known telephone numbers, and job titles of all persons involved in the decision-making process and the nature and extent of their involvement in the decision;

e.  the criteria used in making the decision; and

f.  identify all documents that in any way touch upon, discuss or pertain to any of the matters referred to in this Interrogatory.

35.  State whether Plaintiff was ever demoted while employed by any Defendant(s). For each demotion, state the following:

a.  what position or job title the demotion was from and what position or job title the demotion was to;

b.  the date of the demotion;

c.  the reason(s) for the demotion;

    d.     the names, last known addresses, last known telephone numbers, and job titles of all persons involved in the decision-making process and the nature and extent of their involvement in the decision;

    e.     the criteria used in making the decision; and

    f.     identify all documents that in any way touch upon, discuss or pertain to any of the matters referred to in this Interrogatory.

36.     List chronologically each job title held by each Individual Defendant while employed by any Defendant(s), indicating the time period during which each position was held.

37.     For any position held by each Individual Defendant while employed by any Defendant(s) which there is no job description, describe with specificity the job functions of each such position to the best of Defendant(s)' knowledge.

38.     State the required qualifications and skills for each and every job title that each Individual Defendant held while employed by any Defendant(s).

39.     State whether each Individual Defendant was ever promoted while employed by any Defendant(s). For each promotion, state the following:

    a.     what position or job title the promotion was from and what position or job title the promotion was to;

    b.     the date of the promotion;

    c.     the reason(s) for the promotion;

    d.     the names, last known addresses, last known telephone numbers, and job titles of all persons involved in the decision-making process and the nature and extent of their involvement in the decision;

    e.     the criteria used in making the decision; and

    f.     identify all documents that in any way touch upon, discuss or pertain to any of the matters referred to in this Interrogatory.

40.     State whether each Individual Defendant was ever demoted while employed by any Defendant(s). For each demotion, state the following:

    a.     what position or job title the demotion was from and what position or job title the demotion was to;

    b.     the date of the demotion;

    c.     the reason(s) for the demotion;

    d.     the names, last known addresses, last known telephone numbers, and job titles of all persons involved in the decision-making process and the nature and extent of their involvement in the decision;

e.    the criteria used in making the decision; and

f.    identify all documents that in any way touch upon, discuss or pertain to any of the matters referred to in this Interrogatory.

41.    State the full name of each manager that worked with or oversaw Plaintiff.

42.    Identify and provide full details concerning any Investigation relating to the allegations and claims in the Complaint, including but not limited to who was questioned or interviewed, what was discovered, and what corrective action was taken. Identify those who Defendant(s) contacted or assigned to conduct each specific investigation or inquiry, who was questioned, what was discovered, and what corrective action was taken to the best of Defendant(s)' knowledge. Provide copies of any examinations, audits, findings, reports, or notices in Individual Defendant(s)' possession.

43.    Identify and provide full details concerning any Investigation relating to any denials or defenses asserted in the Answer, including but not limited to who was questioned or interviewed, what was discovered, and what corrective action was taken.

44.    Identify all persons employed by Defendant(s) who are responsible for Human Resources, personnel matters, training, orientation, and personnel monitoring for the previous five (5) years to the best of Defendant(s)' knowledge.

45.    Identify and annex hereto any performance evaluations or review of any Individual Defendant conducted by Defendant(s) from their respective dates of employment to the present.

46.    Identify and annex hereto any performance evaluations or review of the Plaintiff conducted by Defendant(s) from the Plaintiff's date of employment to the present.

47.    State whether any Individual Defendant received or went through an orientation program when he/she was hired to work at Defendant(s) and describe said program. If so:

a.    provide a description of the system(s) or procedure(s) used for orientation for the past five (5) years; and

  b.  identify all documents that in any way touch upon, discuss or pertain to any of the matters referred to in this Interrogatory.

48. State whether Defendant(s) maintain a system or procedure for recording, investigating, and/or resolving employee complaints or grievances of discrimination, harassment, and/or retaliation. If so:

  a.  provide a description of the system(s) or procedure(s) used for the past five (5) years to present; and

  b.  identify all documents that in any way touch upon, discuss or pertain to any of the matters referred to in this Interrogatory.

49. Identify and provide full details concerning all discrimination, harassment, and retaliation prevention training conducted by Defendant(s) in the past five (5) years.

50. In connection with Defendant(s)' response to the preceding Interrogatory, provide full details of such training including the dates, and provide any written materials used in such training. If the training was provided by a third party, please forward the third party's name, business address, and last known phone number, together with the third party's qualifications to perform such training.

51. State whether any civil or criminal actions have ever been filed charging Defendant(s) with discrimination, harassment, and/or retaliation in the past ten (10) years. This includes, but is not limited to all judicial, administration, and/or arbitration hearings. If so, provide the following for each such action:

  a.  the name, last known address, last known telephone number, and job title of the complainant(s);
  b.  the title of the action;
  c.  the name and address of the court where the action was filed;
  d.  the docket number of the action;
  e.  the date on which the action was filed;
  f.  the nature and substance of the action;
  g.  the disposition or present status of the action;
  h.  whether the case was tried and, if so, the verdict;
  i.  the amount of punitive damages, if any;
  j.  the amount of compensatory damages, if any; and

k.      identify all documents that in any way touch upon, discuss or pertain to any of the matters referred to in this Interrogatory.

52.      Please describe in detail complaints or Grievances (formal or otherwise) made by the Plaintiff with regard to discrimination, harassment, retaliation, and/or hostile workplace environment regarding fellow employees and/or Defendant(s).

53.      Describe, in detail, all complaints or Grievances (formal or otherwise) by any employees of Defendant(s) relating to discrimination, harassment, retaliation, and/or hostile workplace environment by Defendant(s) in the past ten (10) years.

54.      Describe, in detail, the investigation, determination and/or disciplinary actions taken by Defendant(s) relating to all complaints or Grievances of discrimination, harassment, retaliation, and/or hostile workplace environment by Defendant(s) in the past ten (10) years.

55.      Identify each and every document relating to any and all complaints or Grievances made by Defendant(s)' employees relating to Defendant(s) in the past ten (10) years. Annex hereto a copy of each said document.

56.      Describe, in detail, all complaints or Grievances (formal or otherwise) by any of Defendant(s)' clients or customers relating to Defendant(s).

57.      Describe, in full detail, any facts and circumstances surrounding any occasion when clients or customers of Defendant(s) reported a Grievance (formal or otherwise) regarding any Defendant(s).

58.      Describe, in detail, the investigation, determination and/or disciplinary actions taken by Defendant(s) relating to complaints or Grievances by any clients or customers relating to Defendant(s).

59.     Identify each and every document relating to any and all complaints or Grievances (formal or otherwise) made by Defendant(s)' clients or customers relating to Defendant(s). Annex hereto a copy of each said document.

60.     Describe, in detail, the facts and circumstances relating to the method and process by which complaints or Grievances are handled and resolved with the Human Resources Departments (or similar departments) at Defendant(s).

61.     Identify every paper, writing, memorandum or document of every kind and description of which Defendant(s) have knowledge which is, in any way, intended to support any claim, defense, affirmative defense, or factual allegation, or to be used by Defendant(s) in any manner, including but not limited to, during the examination of any witness; describe the document as to content and other characteristics, and state the present location of such documents, or in lieu thereof, attach true copies to Defendant(s)' answers to these Interrogatories. Annex hereto a copy of each said document. For each such document or tangible thing upon which Defendant(s) will rely in support of Defendant(s)' claims/defenses/affirmative defenses state:

   a.    its description;
   b.    its nature;
   c.    the name and address of person who has custody;
   d.    its location; and
   e.    its condition.

62.     Describe in detail the factual basis for each of Defendant(s)' denials of the allegations of the Complaint.

63.     Identify each document in Defendant(s)' possession or control, in addition to the documents referred to in other answers to these Interrogatories, which is in any way related to the subject matter of this litigation. Annex hereto a copy of each said document.

64.     Are there any documents that Defendant(s) know or believe to be in existence, although not in Defendant(s)' possession or control, that in any way relate to the subject matter of

this litigation? If so, identify each such document, set forth the source of Defendant(s)' information or belief regarding the existence of such document, and identify the person or entity in whose possession or control such document is known or believed to be.

65.     Identify each and every document which supports, tends to support or is claimed by Defendant(s) to support any of Defendant(s)' answers to these Interrogatories. As to each such document, identify those facts to which each document refers or relates. Annex hereto a copy of each said document.

66.     Have any admissions been made by a party or parties propounding these Interrogatories or any of his/her/its/their agents, servants or representatives concerning the subject matter of this litigation? If the answer to this Interrogatory is in the affirmative, set forth in detail the following:

   a.     the time, date and place of each admission;
   b.     the content and substance of each admission;
   c.     the name and address of each person making an admission;
   d.     if the admission was an oral communication, the names and addresses of all persons present when the admission was made;
   e.     if the admission was made in a document, attach a copy thereof to Defendant(s)' answers to these Interrogatories; and
   f.     if the admission was made in an oral communication, describe verbatim, to the extent possible, what was said by each party to such oral communication.

67.     Set forth whether Defendant(s) have obtained a statement from the party or parties propounding these Interrogatories. If the affirmative, state:

   a.     if written, attach a true copy of the statement;
   b.     if oral, set forth a verbatim recitation of the statement and advise whether the statement was recorded, the manner of recording, and the person who has custody of the statement; and
   c.     the date the statement was obtained.

68.     Set forth whether Defendant(s) have obtained a statement from any person not a party to this action. If your answer is in the affirmative, state:

a. name and address of the person who gave the statement and date statement obtained;

b. if written, whether signed by the person;

c. if oral, name and address of the person who obtained the statement, and if recorded, the nature and present custody of recording;

d. attach a copy of all said written statements; and

e. if oral, set forth completely the substance of said statements.

69. Attach to your answers to these Interrogatories any correspondence between or among the parties to this action or their agents, servants or employees upon which Defendant(s) may rely at the time of trial to establish any of your claims or defenses/affirmative defenses.

70. Attach to your answers to these Interrogatories any correspondence between or among the parties to this action or their agents, servants or employees.

71. Please set forth the existence and contents of any insurance agreement pertaining to the issues in the case, insuring the party answering this Interrogatory. This request is made pursuant to Rule 4:10-2(b).

72. State the policy limits of any insurance policies naming Defendant(s) as an insured which cover the claims in this litigation, along with the name of the insurance carrier and policy number, the amount of any applicable deductible, and if the claim is being defended under a Reservation of Rights Agreement or letter, attach a copy of said Reservation of Rights Agreement or letter.

73. If the party or parties answering these Interrogatories believes that some person not a party to this action is in some way responsible for the injuries and/or damages alleged, please set forth the name and address of such person and the acts or omissions and address of such person, the acts or omissions of said person which caused the injury or damage, and the facts which support the belief.

74. If the person certifying the answers to these Interrogatories did not answer each and every question, then identify each person supplying information used to answer the above

Interrogatories and set forth the numbers of the Interrogatories as to which each such person supplied information.

75.     Will the proofs to be presented by Defendant(s) contain allegations that an adverse party, including the party or parties propounding these Interrogatories, violated or failed to comply with any law, statute, ordinance, resolution, regulation or written standard of conduct in connection with the subject matter of this litigation?

76.     If the answer to the preceding Interrogatory in the affirmative, identify the law or statute, ordinance, resolution, regulation or written standard of conduct which was allegedly violated and describe, in detail, the nature of such violation(s).

77.     Enumerate specifically all of the things that you contend the party serving these Interrogatories did which should not have been done.

78.     State whether Defendant(s)' agents communicated with any persons or entities that are not parties to this litigation in connection with the subject matter of this lawsuit. For all such communications that were oral, specify the nature and substance of the communication, the date on which it occurred, the place at which it occurred, and the names, last known addresses, and last known telephone numbers of all persons present. For all such communications that were written, provide true and accurate copies of each such communication.

79.     Set forth whether Defendant(s) and/or any of Defendant(s)' agents or representatives and/or Defendant(s)' other employees either destroyed or disposed of any documents that in any way touch upon, discuss or pertain to any matters relating to this suit. If "yes,"

        a.      identify each document;
        b.      state when it was destroyed or disposed of; and
        c.      identify the person who authorized or ordered the destruction.

80. Identify and provide herewith a copy of all instant messages, voicemails, and emails between or among Defendant(s) and/or agents, representatives, and employees including the Plaintiff and Defendant(s), for the past five (5) years.

81. State whether at any time Defendant(s) ever taped and/or digitally recorded any communication with the Plaintiff, whether face-to-face or telephonic. If so, describe in detail, including but not limited to:

a. the identity of each Defendant(s) recorded;
b. the date, time, place, and manner in which you recorded the communications;
c. the substance of the recorded communications;
d. the device used for making such recordings;
e. whether you obtained consent to tape or record such communications; and
f. provide any such recordings.

82. Set forth in detail all notices and warnings Defendant(s) received over the past ten (10) years from any State and/or Federal and/or Local regulatory authorities that oversee, license, regulate, or discipline its operations, and/or their employees.

83. Describe, in detail, any complaints to, investigations by, and/or inquiries by the New Jersey Department of Labor with regard to any employment matter concerning Defendant(s) for the past ten (10) years. Identify all documents that in any way touch upon, discuss or pertain to any of the matters referred to in this Interrogatory.

84. Set forth Defendant(s)' policy or policies concerning employees' use of laptops (personal or provided by Defendant(s)), from home or remote locations, and the management, preservation and/or deletion of data on such laptops.

85. Set forth Defendant(s)' policy or policies concerning employees' use of desktop computers (personal or provided by Defendant(s)) from home or remote locations, and the management, preservation and/or deletion of data created or transmitted to or from such computers.

86. Set forth Defendant(s)' policy or policies concerning employees' use of email, including but not limited to the management, preservation and/or deletion of email.

87. Set forth Defendant(s)' policy or policies concerning the management, preservation, and/or deletion of electronic media that may contain information or data relevant to issues in this litigation, including but not limited to the "routine" destruction of replaced computer memories, hard drives, computers, computer systems, laptops, etc.

88. Set forth Defendant(s)' policy or policies concerning electronic data retention and preservation.

89. Set forth Defendant(s)' policy or policies concerning Defendant(s)' employees' use of Defendant(s)' computers, computer system(s) and/or networks.

90. Describe in detail Defendant(s)' ability to restore archived electronic data relating to the employment of Plaintiff contained on electronic media such that upon restoration it may be accessed, viewed, exported or printed.

91. Describe in detail Defendant(s)' ability to restore archived electronic data relating to the employment of Defendant(s) contained on electronic media such that upon restoration it may be accessed, viewed, exported or printed.

92. Identify each Individual with knowledge of:

    a.    the type and location of all hardware used as terminals for email, including servers, personal computers, laptops, PDAs, etc., at Corporate Defendant(s) between January 01, 2009, and the present;

    b.    computer software operating systems and end user-applications servicing Corporate Defendant(s) between January 01, 2009, and the present;

    c.    all email software and versions which have been used on hardware servicing Corporate Defendant(s) between January 01, 2009, and the present;

    d.    the email file naming conventions and standards;

    e.    the back-up and rotation schedules for all email generated or received by Corporate Defendant(s)' employees between January 01, 2009, and the present;

    f.    electronic data retention, preservation and destruction policies;

    g.    diskette, CD, DVD, and other removable media labeling standards;

h.    structure and organization of all information and technology departments and/or information technology support vendors involved with the computer systems at Corporate Defendant(s);

i.    the location of the email produced in response to the Plaintiff's First Request for Production in this matter;

j.    the method of search for the documents and electronic data requested in the Plaintiff's First Request for Production in this matter; and

k.    the date and time of destruction of any electronic data requested in the Plaintiff's First Request for Production in this matter.

93.    Identify each email account each Individual Defendant utilized as an employee of Defendant(s) in the last three years.

94.    Identify and describe in full detail Defendant(s)' policy relating to an employee's complaint of discrimination, harassment, hostile work environment, and/or retaliation.

95.    Identify and describe in full detail the facts and circumstances surrounding Plaintiff's complaints of discrimination, harassment, and/or retaliation to any of the Defendant(s).

96.    Identify and describe in full detail all communications between Defendant(s) concerning Plaintiff.

97.    Identify and describe the subject matter of any communications concerning or between any of the Defendant(s) relating to the subject matter of this litigation.

98.    Describe, in detail, any investigation, determination and/or disciplinary actions taken by Defendant(s) relating to any of the Defendant(s) in the past ten (10) years.

99.    Describe, in detail, the investigation, determination and/or disciplinary actions taken by Defendant(s) relating to Plaintiff in the past ten (10) years.

100.    Identify and describe the facts and details relating to each instance in which any of the Defendant(s) reprimanded or disciplined Plaintiff while employed at Defendant(s).

101.    Identify and describe the facts and details relating to each instance in which any of the Individual Defendant(s) were reprimanded or disciplined.

102.    Identify and describe in detail Defendant(s)' employee complaint procedure and/or policy.

103.    Identify and describe in detail Defendant(s)' procedure and/or policy for reprimanding, suspending, and terminating employees.

104.    Describe, in detail, the factual basis for each Affirmative Defense set forth in the Answer.

105.    Describe, in full detail, the facts and circumstances relating to any change in Plaintiff's position and/or job responsibilities.

106.    Describe, in full detail, the facts and circumstances relating to any change in any Individual Defendant's position and/or job responsibilities.

107.    Identify and describe, in detail, instances when Plaintiff reported, complained, and/or stated a Grievance (formal or otherwise) to any Defendant(s), Defendant(s)' superior, or Defendant(s)' agent(s) regarding matters contained in the Complaint.

108.    Identify and describe in detail each communication by or between any employee(s) of Defendant(s) regarding the matters contained in the Complaint. Annex hereto any documents relevant to this request.

109.    Identify and describe in detail each communication by or between any employee(s) of Defendant(s) regarding Plaintiff. Annex hereto any documents relevant to this request.

110.    Identify and describe Defendant(s)' policy regarding reporting incidents related to the subject matter of this litigation.

111.    State whether any civil or criminal actions have ever been filed charging Defendant(s), with discrimination in the past ten (10) years. This includes, but is not limited to all judicial, administration, and/or arbitration hearings. If so, provide the following for each such action:

a. the name, last known address, last known telephone number, and job title of the complainant(s);
b. the title of the action;
c. the name and address of the court where the action was filed;
d. the docket number of the action;
e. the date on which the action was filed;
f. the nature and substance of the action;
g. the disposition or present status of the action;
h. whether the case was tried and, if so, the verdict;
i. the amount of punitive damages, if any;
j. the amount of compensatory damages, if any; and
k. identify all documents that in any way touch upon, discuss or pertain to any of the matters referred to in this Interrogatory.

112. State whether any civil or criminal actions have ever been filed charging Defendant(s) with retaliation in the past ten (10) years. This includes, but is not limited to all judicial, administration, and/or arbitration hearings. If so, provide the following for each such action:

a. the name, last known address, last known telephone number, and job title of the complainant(s);
b. the title of the action;
c. the name and address of the court where the action was filed;
d. the docket number of the action;
e. the date on which the action was filed;
f. the nature and substance of the action;
g. the disposition or present status of the action;
h. whether the case was tried and, if so, the verdict;
i. the amount of punitive damages, if any;
j. the amount of compensatory damages, if any; and
k. identify all documents that in any way touch upon, discuss or pertain to any of the matters referred to in this Interrogatory.

113. Identify and describe in full detail Defendant(s)' policy relating to an employee's complaint of retaliation.

114. Identify and describe in full detail the facts and circumstances surrounding complaints or Grievances (formal or otherwise) made by Plaintiff regarding fellow employees and/or Defendant(s).

115.    Describe, in detail, all complaints or Grievances (formal or otherwise) by any employees of Defendant(s) relating to Plaintiff and/or Defendant(s) in the past five (5) years.

116.    Describe, in detail, the investigation, determination and/or disciplinary actions taken by Defendant(s) relating to all complaints or Grievances concerning Defendant(s) in the past five (5) years.

117.    Identify each and every document relating to any and all complaints or Grievances made by any employee of Defendant(s) relating to Defendant(s) and/or any employee of Defendant(s) in the past five (5) years. Annex hereto a copy of each said document.

118.    Identify each and every document relating to any and all complaints or Grievances (formal or otherwise) made by any Person in connection with Defendant(s) and/or any employee of Defendant(s). Annex hereto a copy of each said document.

119.    State whether there is a Human Resources Department, or a similar department, at Defendant(s).

120.    Identify every paper, writing, memorandum or document of every kind and description of which Defendant(s) have knowledge which is, in any way, intended to support any claim, defense, affirmative defense, or factual allegation, or to be used by you in any manner in this matter, including but not limited to, during the examination of any witness; describe the document as to content and other characteristics, and state the present location of such documents, or in lieu thereof, attach true copies to your answers to these Interrogatories. Annex hereto a copy of each said document. For each such document or tangible thing upon which Defendant(s) will rely in support of Defendant(s)' claims/defenses/affirmative defenses state:

a.    its description;
b.    its nature;
c.    the name and address of person who has custody;
d.    its location; and
e.    its condition.

## INTERROGATORIES TO INDIVIDUAL DEFENDANT(S) ONLY

1. Identify every paper, writing, memorandum or document of every kind and description of which Individual Defendant(s) has knowledge which is, in any way, intended to support any claim, defense, affirmative defense, or factual allegation, or to be used by Individual Defendant(s) in any manner in this matter, including but not limited to, during the examination of any witness; describe the document as to content and other characteristics and state the present location of such documents, or in lieu thereof, attach true copies to Individual Defendant(s)' answers to these Interrogatories. Annex hereto a copy of each said document. For each such document or tangible thing upon which Individual Defendant(s) will rely in support of Individual Defendant(s)' claims/defenses/affirmative defenses state:

    a. its description;
    b. its nature;
    c. the name and address of person who has custody;
    d. its location; and
    e. its condition.

2. Identify all email addresses used by Individual Defendant(s) the past five (5) years to send and receive emails and identify the Internet service provider affiliated with those email addresses.

3. Identify all cell phone numbers used by Defendant(s) for the past five (5) years, as well as carrier and current location of each cell phone. For any such cell phones that are no longer in Individual Defendant(s)' possession, please identify the name and address of the person(s) whose possession they are in.

4. Has Individual Defendant(s) ever been convicted of a criminal offense? If so, for each of Individual Defendant(s)' convictions, identify and set forth in detail:

    a. the particular offense(s) or crime(s) of which Individual Defendant(s) has been convicted;
    b. the date of each such conviction;

c.      the courts in which Individual Defendant(s) was convicted;

d.      the facts surrounding and underlying each such conviction; and

e.      the punishment or sentence received.

## DOCUMENT REQUESTS RELATED TO PUNITIVE DAMAGES

1.      All financial statements prepared for the years 2010 through 2020 up to and including the present, setting forth income, expenses, assets, liabilities, and profits of the Corporate Defendant(s).

2.      All tax returns filed by the Corporate Defendant(s) for the years 2010 through 2020, up to and including the present.

3.      All documents evidencing assets of the Corporate Defendant(s).

4.      All documents evidencing the Corporate Defendant(s)' interest in any real estate.

5.      All documents evidencing the financial obligations of the Corporate Defendant(s) and all payments on those obligations.

6.      All documents evidencing judgments against the Corporate Defendant(s) and the amount of those judgments for the years 2010 through 2020, up to and including the present.

7.      All documents evidencing bank accounts held by the Corporate Defendant(s), the location of those accounts, account numbers, and balances of those accounts.

8.      All documents evidencing or setting forth accounts receivable and/or obligation owed by others to the Corporate Defendant(s) for the years 2010 through 2020, up to and including the present.

9.      All documents evidencing payments made by the Corporate Defendant(s) to creditors.

10.     All corporate books or any other written memorandum setting forth income received by the Corporate Defendant(s).

11.     All copies of inventories taken by the Corporate Defendant(s) of its property at any time during the years 2010 through 2020, up to and including the present.

## INTERROGATORIES RELATED TO PUNITIVE DAMAGES FOR DEFENDANT(S)

1.     If the Defendant(s) is a corporation, set forth as to each:

      a.     the full name of the corporation;
      b.     date of incorporation;
      c.     state of incorporation;
      d.     all States in which the Defendant(s) conducts its business;
      e.     all States in which the Defendant(s) has registered to do business;
      f.     the full and correct names and residential address of all stockholders for the last two (2) years;
      g.     the number of shares issued to each of the said stockholders and directors of the corporation during the past two (2) years to include specific dates during which said individuals served as directors;
      h.     number of shares issued to each of said stockholders;
      i.     the full and correct names and addresses of all officers of the corporation during the past two (2) years to include the specific dates during which said individuals served as officers;
      j.     all trade or fictitious names under which the corporation has conducted its business in the past two (2) years;
      k.     the complete street address of all locations where the Defendant(s) has conducted its business in the past two (2) years and include the specific dates during which it was at each location; and
      l.     the name and address of the person who has custody of this corporation's books and records.

2.     Is a majority interest in the corporate stock of the Defendant(s) owned by any individual, corporation or holding company?

3.     If your answer to the preceding interrogatory is in the affirmative, please state for the individual, corporation or holding company with a majority interest in the Defendant(s):

      a.     name and address;
      b.     state of incorporation;
      c.     the state in which doing business;
      d.     address of each business office;
      e.     the name and address of each current officer or director; and
      f.     the nature of the business in which engaged.

4.      For each facility owned or maintained by the Defendant(s), please state:

    a.    the business address;
    b.    the names and addresses of all current officers of the facility;
    c.    the nature of the business conducted at the facility;
    d.    the dates during which the facility has been owned or maintained by the Defendant(s)' employer; and
    e.    the number of individuals presently employed at the facility.

5.      Set forth in detail the name, address, and telephone number of all businesses in which the principals of the Defendant(s) now has an interest and set forth the nature of the interest.

6.      For all bank accounts of the Defendant(s), list the name of the bank, the bank's address, the account number, and the name in which the account is held.

7.      Specifically state the present location of all books and records of the Defendant(s), including checkbooks.

8.      State the name and address of the persons or entities that prepare, maintain, and/or control the business records and checkbooks of the Defendant(s).

9.      List all the physical assets of the Defendant(s) and their location. If any asset is subject to a lien, then state the name and address of the lienholder and the amount due.

10.    Does the Defendant(s) own any real estate?

11.    If the answer for the preceding interrogatory is in the affirmative, please state for each property:

    a.    name(s) in which property is owned;
    b.    address of property;
    c.    date property was purchased;
    d.    purchase price;
    e.    name and address of mortgage holder, if any;
    f.    balance due on mortgage, if any; and
    g.    the names and addresses of all tenants and monthly rentals paid by each tenant.

12. List all motor vehicles owned by the Defendant(s) and state the following for each vehicle:

    a. make, model, and year;
    b. license plate number;
    c. vehicle identification number; and
    d. if there is a lien on the vehicle, the name and address of the lienholder and the amount due on the lien.

13. List all accounts receivable due to the Defendant(s), stating the name, address, and amount due on each receivable.

14. For any transfer of business assets that has occurred within six months from the date of these Interrogatories, specifically identify:

    a. the nature of the asset;
    b. the date of the transfer;
    c. name and address of the person or entity to whom the asset was transferred; the consideration paid for the asset and the form in which it was paid (check, cash, etc.); and
    d. explain in detail what happened to the consideration paid for the asset.

15. Set forth all judgments that have been entered against the Defendant(s) and include the following for each:

    a. creditor's name;
    b. creditor's attorney;
    c. amount due;
    d. name of Court; and
    e. docket number.

           McOMBER McOMBER & LUBER, P.C.
           *Attorneys for Plaintiff, Ronald Butto*

           By: */s/ Peter D. Valenzano*
              PETER D. VALENZANO, ESQ.

Dated: November 29, 2022

## **CERTIFICATION**

I hereby certify that I have reviewed the document production request and that I have made or caused to be made a good faith search for documents responsive to the request. I further certify that as of this date, to the best of my knowledge and information, the production is complete and accurate based on ( ) my personal knowledge and/or ( ) information provided by others. I acknowledge my continuing obligation to make a good faith effort to identify additional documents that are responsive to the request and to promptly serve a supplemental written response and production of such documents, as appropriate, as I become aware of them. The following is a list of the identity and source of knowledge of those who provided information to me:

1.

2.

3.

4.

5.

Dated: _____, 2023          By:_____

## **CERTIFICATION**

I hereby certify that the copies of the reports annexed hereto rendered by proposed expert witnesses are exact copies of the entire report or reports rendered by them; that the existence of other reports of said experts, whether written or oral, are unknown to me and, if such become later known or available, I shall serve them promptly on the propounding party.

I certify that the foregoing answers to the Interrogatories made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: _____, 2023        By:_____

## NOTICE OF R. 4:14-2(c) VIDEO DEPOSITION OF CORPORATE DEFENDANT(S)

**PLEASE TAKE NOTICE** that pursuant to *Rule* 4:14-2(c) of the New Jersey Rules of Court, Plaintiff Ronald Butto, through his undersigned counsel, will take the deposition upon oral examination of the corporate representative of Corporate Defendants(s) **commencing on April 10, 2023, at 10:00 AM,** at the law offices of McOmber McOmber & Luber, P.C. Corporate Defendant(s) is required to designate and produce for deposition a person or persons to testify on its behalf.

**PLEASE TAKE FURTHER NOTICE** that the foregoing deposition shall be conducted before a notary public or other duly authorized officer and will be recorded stenographically and/or by videotape in accordance with Rules of Court. The deposition shall continue from day to day, weekends and holidays excepted, until completed, unless otherwise agreed by the parties.

McOMBER McOMBER & LUBER, P.C.
*Attorneys for Plaintiff, Ronald Butto*

By: /s/ Peter D. Valenzano
　　 Peter D. Valenzano, Esq.

Dated: November 29, 2022

## NOTICE OF R. 4:14-2 AND R. 4:14-9 VIDEO DEPOSITION

**PLEASE TAKE NOTICE** that pursuant to the New Jersey Rules of Court, Plaintiff Ronald Butto, through his undersigned counsel, will take the deposition upon oral examination of Defendant Jonathan (LNU) **commencing on April 11, 2023, at 10:00 AM,** at the law offices of McOmber, McOmber & Luber, P.C.

**PLEASE TAKE FURTHER NOTICE** that the foregoing deposition shall be conducted before a notary public or other duly authorized officer and will be recorded stenographically and/or by videotape in accordance with Rules of Court. The deposition shall continue from day to day, weekends and holidays excepted, until completed, unless otherwise agreed by the parties.

McOMBER, McOMBER & LUBER, P.C.
*Attorneys for Plaintiff, Ronald Butto*

By: /s/ *Peter D. Valenzano*
    PETER D. VALENZANO, ESQ.

Dated: November 29, 2022

## NOTICE OF R. 4:14-2 AND R. 4:14-9 VIDEO DEPOSITION

**PLEASE TAKE NOTICE** that pursuant to the New Jersey Rules of Court, Plaintiff Ronald Butto, through his undersigned counsel, will take the deposition upon oral examination of Defendant Alicia Alonso **commencing on April 12, 2023, at 10:00 AM,** at the law offices of McOmber, McOmber & Luber, P.C.

**PLEASE TAKE FURTHER NOTICE** that the foregoing deposition shall be conducted before a notary public or other duly authorized officer and will be recorded stenographically and/or by videotape in accordance with Rules of Court. The deposition shall continue from day to day, weekends and holidays excepted, until completed, unless otherwise agreed by the parties.

McOMBER, McOMBER & LUBER, P.C.
*Attorneys for Plaintiff, Ronald Butto*

By: /s/ *Peter D. Valenzano*
　　PETER D. VALENZANO, ESQ.

Dated: November 29, 2022

# Civil Case Information Statement

## Case Details: HUDSON | Civil Part Docket# L-003942-22

**Case Caption:** BUTTO RONALD  VS AMAZON.COM SERVICES,  LLC

**Case Initiation Date:** 11/29/2022

**Attorney Name:** PETER DOUGLAS VALENZANO

**Firm Name:** MCOMBER MCOMBER & LUBER, PC

**Address:** 54 SHREWSBURY AVE

RED BANK NJ 07701

**Phone:** 7328426500

**Name of Party:** PLAINTIFF : Butto, Ronald

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19? NO**

**Are sexual abuse claims alleged by: Ronald Butto? NO**

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
        **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
        **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

11/29/2022
Dated

/s/ PETER DOUGLAS VALENZANO
Signed

Christian V. McOmber, Esq. – NJ ID # 012292010
  cvm@njlegal.com
Peter D. Valenzano, Esq. **-** NJ ID # 037892010
  pdv@njlegal.com
Rachel C. Krupnick, Esq. – NJ ID # 378192021
  rck@njlegal.com
McOMBER McOMBER & LUBER, P.C.
54 Shrewsbury Avenue
Red Bank, NJ 07701
(732) 842-6500 Phone
(732) 530-8545 Fax
*Attorneys for Plaintiff, Ronald Butto*

|  |  |
|---|---|
| RONALD BUTTO<br><br>               Plaintiff,<br><br>      vs.<br><br>AMAZON.COM SERVICES, LLC; JONATHAN (last name unknown); JESSICA (last name unknown); ABC CORPORATIONS 1-5 (fictitious names describing presently unidentified business entities); and JOHN DOES 1-5 (fictitious names describing presently unidentified individuals)<br><br>               Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>COUNTY<br><br>DOCKET NO.: HUD-L-3942-22<br><br><u>Civil Action</u><br><br>**NOTICE OF APPEARANCE** |

PLEASE TAKE NOTICE that the undersigned hereby appears in this action as counsel for

Plaintiff and respectfully requests service of all documents filed and any orders and notices from

this Court upon the undersigned.

PLEASE TAKE FURTHER NOTICE that Peter D. Valenzano, Esq., remains lead counsel

for Plaintiff.

McOMBER McOMBER & LUBER, P.C.
*Attorneys for Plaintiff, Ronald Butto*

By: */s/Rachel C. Krupnick*
Rachel C. Krupnick, Esq.

Dated: November 29, 2022

HUDSON COUNTY SUPERIOR COURT
HUDSON COUNTY
583 NEWARK AVENUE
JERSEY CITY        NJ 07306

                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (201) 748-4400
COURT HOURS  8:30 AM - 4:30 PM


                    DATE:    NOVEMBER 29, 2022
                    RE:      BUTTO RONALD  VS AMAZON.COM SERVICES,  LLC
                    DOCKET: HUD L -003942 22


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.


     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.


     THE PRETRIAL JUDGE ASSIGNED IS:  HON KIMBERLY ESPINALES-MALONEY


      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      002
AT:  (201) 748-4400.


     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                              ATT: PETER D. VALENZANO
                              MCOMBER MCOMBER & LUBER, PC
                              54 SHREWSBURY AVE
                              RED BANK        NJ 07701


ECOURTS